# SUPREME JUDICIAL COURT

#### FOR THE COUNTY OF

# OXFORD.

### MAY TERM.

### 1828.

---

### FELLOWS'S *case.*

Where a *venire facias* directed the constable to cause a juror to be drawn, not more than twenty, nor less than six days before the sitting of the court; and he made return that the juror was drawn "as above directed," but without date; the return was held sufficient.

So, where the language of the return was—"We have appointed J. C. a juror," &c.; for it shall be intended the language of the town, of which the constable was an inhabitant.

So, where the person drawn as a juror was the constable himself, who served the *venire facias*, and made the return.

So, where the constable styled himself "constable of the town," without saying of what town; the *venire facias* being directed to the constable of the town of *M.*

It is no good cause of challenge, that a juror has been called as a witness for the State, on a former trial of the same indictment, to testify against the general character of the prisoner.

A defendant has no right, in any case, upon the coming in of the traverse jury, to have them polled, and each one separately interrogated as to his assent to the verdict.

FELLOWS was indicted for uttering counterfeit money; and on the return of the traverse jury into court, the foreman delivered a

verdict of guilty, in the usual form. But before it was affirmed, the defendant moved that the jury might be polled, and each juror severally asked on his oath, whether the defendant was guilty or not. This motion was overruled by *Weston J.* before whom the cause was tried ; who directed the clerk to affirm the verdict in the customary mode, by a general inquiry to the whole panel ; the judge instructing them that if any juror dissented from the verdict, he should make it known. To this opinion the defendant filed exceptions.

The defendant also moved at common law for a new trial, because of divers objections to the panel ; all of which are particularly stated in the opinion of the court, which was delivered by

Mellen C. J. In this case a motion at common law has been filed, and an exception alleged against the decision of the judge who presided at the trial. The object, on both grounds, is to obtain a new trial. In support of the motion at common law several reasons have been urged.

1. That *Alvan Bolster* was not legally returned as a juror ; it not appearing that he was drawn not more than twenty days nor less than six days before the sitting of the court. The return is not dated ; but the constable states therein that he proceeded " as above directed."—It was written at the foot of the *venire*, which contained the legal directions as to the above limitation of time.—The return therefore is good, on the principle, *id certum est quod certum reddi potest.*

2. Because *Joab Churchill* was not drawn or appointed by the selectmen or a major part of them. It appears by the return that in certifying the name of the juror, the constable says, " we have appointed," &c. A similar objection is made against the return of *Charles T. Chase,* as a juror.—The language is inaccurate, but is perfectly intelligible : by the word " we," is meant the town, of which the constable was an inhabitant.

3. Because *John L. Eastman,* a constable of *Fryeburg,* was returned as a juror, and made return himself, that he had duly notified the juror. The answer to this objection is that he was a competent juror, even though not compellable to serve ; and as the object in

view in notifying a juror to attend court, is to insure his attendance, if he should attend without being notified, it is equivalent to legal notice.

4. That the return on the *venire*, directed to the constable of the town of *Mexico*, is imperfect, because the constable did not add to his name the words " constable of the town of *Mexico* ;" but only " constable of the town."—They both mean the same thing—the objection amounts to nothing.

5. Because *Farnum Abbot*, one of the jury, had been a witness against the defendant, on a former trial of this cause.—A juror may always be a witness for either party, and still retain his seat as juror ; —and a witness may be a legal juror. If prejudiced against the defendant, he might have been objected to at the time of trial ; for the fact must have been known to the defendant ; the motion admits it ; but it is alleged that it was then forgotten.—On full examination of all these objections, even in this stage of the cause, we are clearly of opinion that they have no legal foundation.

But, according to decided cases, some of which have been cited by the Attorney General, the objections, if they had been good at the time of impanelling the jury, could not now be sustained.

The case of *Amherst v. Hadley* 1. *Pick.* 38. is a strong one and in point. There a juror had been drawn more than twenty days before court ; and the fact appeared on the return ; but it was held to be no reason for a new trial. See the numerous cases there cited. In *Jeffries & al. v. Randall* 14 *Mass.* 205. a juryman, disqualified by statute, sat in the trial ; and it does not appear that the fact was known at the time of trial. The court said it was a good cause of challenge ; but no ground for setting aside the verdict. In *Walker v. Green.* 3. *Greenl.* 215, the sheriff returned a talesman, *Green* being then one of his deputies. It was held a good cause of challenge ; but would not support a motion for a new trial.

As to the exception, it certainly cannot for a moment be sustained. The course of proceeding on the part of the court was according to uniform and immemorial usage in Massachusetts, and our own practice since our separation from that Commonwealth ; and we perceive no reason for changing the course. though a different one

---

may have been in use in other States. It is of no consequence whether the question proposed by the clerk to the jury, as to their affirmation of their verdict, be directed to them jointly or separately ; in either case all are called on by way of inquiry, whether, in open court, they consent to the verdict signed, or announced *ore tenus*, by their foreman. If no one objects, all are considered by their silence as expressing their consent. In the present case, it may also be remarked, that in consequence of the motion or request of the defendant's counsel, mentioned in the exception, the judge gave a distinct, cautionary direction to the jury, that if any juror was dissatisfied with the verdict, he should express his dissent. The exception is overruled.

We are all of opinion that the verdict must stand, and sentence be awarded against the defendant.

The *Attorney General*, for the State.

*N. Emery* and *Fessenden*, for the defendant.