## THE STATE OF IOWA v. ADAMS.

1. **Grand jury: SUPERVISORS: JUSTICES AND MINISTERS.** Justices of the peace, ministers of the gospel and members of the board of supervisors are exempt from service as grand jurors, but they are not incompetent, and their presence upon a jury does not render an indictment invalid.

2. **Intoxicating liquors: LICENSE.** That the defendant held a license from the county judge to sell intoxicating liquors for certain purposes therein

specified, does not shield him from a criminal prosecution, or restrict the State to an action upon his bond, for the sale of liquors as a beverage, or for other purposes prohibited by law.

*Appeal from Poweshiek District Court.*

FRIDAY, JUNE 15.

THE facts are stated in the opinion of the court.

LOWE, Ch. J. — The defendant being indicted and tried for a violation of the act passed for the suppression of intemperance, appears in this court to challenge the regularity of the proceedings under which he was convicted.

I. He first objects that the grand jury was not selected, drawn and impanneled as prescribed by law; in this, namely, the judges of election in one township had returned two electors, one of whom was a supervisor, the other a minister of the gospel. In another township they had returned two names, one of which was the name of a supervisor of the county; and still again in a third township they had returned five instead of three names, one of which was the name of a justice of the peace; that all the names were placed upon the grand jury list, from which the panel was selected; and that one of them, Joshua Chambers, a supervisor of the county, was drawn and placed upon the grand jury which found the indictment against the defendant.

*1. GRAND JURY: supervisors: justices and ministers.*

Whilst a justice of the peace, supervisor and minister of the gospel belong to classes of individuals who are exempt from sitting upon a grand jury, yet, this exemption is a personal privilege which we suppose may be waived, and it does not necessarily render them incompetent. The slight departures in the selection of this grand jury complained of, do not vitiate the panel, as will most fully appear in the recent decisions which we have made in the following cases: *The State of Iowa* v. *Reed, ante,* and authorities cited therein.

II. On the trial of this prosecution the defendant produced in evidence a license from the county judge to sell liquors for certain purposes therein specified,

**2. INTOXICATING LIQUORS: license.** under the authority of which the defendant seeks to take refuge for selling liquors as a beverage, and for other purposes than those named in his license; insisting that for such violations (of which the evidence clearly showed him guilty), the remedy of the State was upon his bond, and not by criminal prosecution. The court failed to see it in this light; held, that the license was no protection; that to carry on an illicit traffic in liquors under cover thereof, was but an aggravation of the offense, for which an indictment would lie. In this opinion we concur, believing it to be the clear meaning and intent of the legislature, as discovered in the terms of the statute, and especially the act approved April 2, 1862, p. 103, section 7.

Affirmed.