Spittorff v. The State.

No. 12,963.

## SPITTORFF v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Use of Word "Haul" Instead of "Carry" in Indictment.*—The use of the word "haul" instead of the statutory word "carry" (section 1934, R. S. 1881), in an indictment charging that the defendant "did feloniously steal, take and *haul* away" certain personal property, will not render the indictment bad on motion to quash, the words being in one sense equivalent.

SAME.—*Change of Venue from County.*—*Discretion of Court.*—The refusal of a change of venue from the county is a matter wholly in the discretion of the trial court, in the absence of an abuse thereof.

SAME.—*Bailiff of Grand Jury as Juror.*—*New Trial.*—The fact that one of the jurors on the trial of an indictment was bailiff of the grand jury which returned it, and was accepted as a juror without knowledge of such fact until after verdict, is not ground for a new trial, unless it also appears that while acting as bailiff he was present during the deliberations of the grand jury, or was otherwise disqualified.

SAME.—*Evidence.*—*Description of Stolen Property.*—*Production of in Court.*—On the trial of an indictment for larceny, the kind and quality of the property alleged to have been stolen, and subsequently found in the possession of one of the persons accused, may be described by the owner, without being produced in court, although such property is in the hands of the sheriff who had taken it on a search-warrant.

SAME.—*Self-Serving Declarations.*—*Res Gestæ.*—Statements of the accused, which are not a part of the *res gestæ*, but in the nature of self-serving declarations, are not competent evidence in his behalf.

From the Warrick Circuit Court.

*J. B. Handy, C. W. Armstrong* and *J. B. Cockrum,* for appellant.

*W. A. Land,* Prosecuting Attorney, for the State.

MITCHELL, J.—The appellant was convicted upon an indictment which charged that on a date mentioned, he and another, naming them, "did feloniously steal, take and haul away fifty pounds of tobacco, of the value of two dollars and seventy cents, the personal property, goods and chattels of," etc.

It is suggested that the indictment should have been quashed, because it does not pursue the statutory definition of the crime of larceny. Section 1934, R. S. 1881, enacts

that "Whoever shall feloniously steal, take and carry, lead, or drive away the personal goods of another," shall be guilty of larceny. Departures from statutory definitions of crime, in all cases where such definitions aptly describe the offence, are not to be commended. The use of the word "haul" instead of "carry," which is the proper and better word, did not, however, render the indictment bad. One sense in which the word "haul" is properly used, is "to carry or convey in a cart or other vehicle."

The court refused the appellant's application for a change of venue from the county. This was a matter wholly within the discretion of the court. There is nothing in the record which raises an inference of abuse.

One of the grounds for a new trial was predicated upon an affidavit of the appellant, in which he deposed that H. H. Cain, one of the jurors who tried the cause, was bailiff to the grand jury at the term of court to which the indictment was returned, and that the fact that he was such bailiff was not known to the appellant when he accepted Cain as one of the triers, nor until after the verdict was returned.

There is no merit in this point. It is not stated in the affidavit, and it will not be presumed, that Cain, while acting as bailiff, was present during the deliberations of the grand jury; nor is there any suggestion in the affidavit that he was in any way disqualified from acting as an impartial juror in the trial of the case.

Mark Benton, whose property was alleged to have been stolen, was permitted, while testifying as a witness on behalf of the State, to describe the kind and quality of the tobacco lost by him, and subsequently found in the possession of one of the persons accused. This was eminently proper. It was not necessary that the stolen property should have been produced in court by the State, in order that testimony for the purpose of its identification, as the property of the witness, should be competent. That the tobacco had been taken upon a search warrant, and that it was in the custody of the sher-

iff, did not alter the case. The appellant did not ask to have it produced in court.

The theory of the defence was, that the appellant had been hired by one Gladding, who was jointly indicted with him, to drive a team for Gladding at night. That he did so, going from place to place in the neighborhood during the night time, the latter getting tobacco from different barns, the appellant claiming that he was ignorant that the property was being stolen. The next day, when the stolen property was discovered, the appellant promptly admitted his connection with the matter, but claimed to be innocent of any knowledge that Gladding was not lawfully taking the property, which was being collected in the wagon which he was driving. A number of witnesses testified that the appellant had declared to them, in substance, as above stated. The defendant testified in his own behalf to the same effect, adding that when his suspicions became aroused during the progress of the affair, he was afraid of Gladding, who was armed with a loaded revolver.

In this state of the evidence, the appellant offered to prove that on the day following the larceny he went to the house of one of the persons from whom tobacco had been stolen the night before, and told the witness, by whom he offered to prove the facts, of the larceny by Gladding, and asked that the witness institute a prosecution against Gladding, and requested that he should subpœna the appellant as a witness, he proposing to testify to the facts in relation to the matter. This and other similar evidence was excluded. In this there was no error.

The appellant had the full benefit of repeated explanations made to different persons concerning his connection with the affair. That he manifested a disposition to instigate a prosecution against Gladding, and professed a willingness to testify to what he had already told a number of persons in relation to the matter, and his connection with it, did not, in our opinion, tend to demonstrate his innocence. At all events,

the excluded statements were no part of the *res gestæ*, but were in the nature of self-serving declarations, which were open to the suspicion of being part of a hastily formed plan of defence. They were not competent evidence. Whart. Crim. Ev., sections 690, 691.

The court also excluded the testimony of a witness by whom it was proposed to prove that Gladding offered to hire him, the witness, to drive the team for him, on the night of the larceny. We are unable to see how it would have benefited the appellant—assuming that he was duped by Gladding—if he had been permitted to show that the latter made an unsuccessful attempt to dupe another before he succeeded with him.

The appellant seems to have had the full benefit of his theory. That he failed to convince the jury of its truth may have been his misfortune ; it was not the fault of the court.

The judgment is affirmed, with costs.

Filed Oct. 30, 1886.