STATE *vs.* JOHN F. COSGROVE.

A. was indicted for the illegal sale of intoxicating liquors in the town of L. At the trial he was convicted by a jury, one of which, B., was a constable of the town of C. On petition for a new trial :

*Held*, that B. was not disqualified as a juror because exempt from jury service by statute.

*Held*, further, that A., not having objected to B. when the jury was empanelled, could not object after verdict given.

*Ryan* v. *Riverside & Oswego Mills*, 15 R. I. 436, affirmed.

---

DEFENDANT'S petition for a new trial.

The defendant, at the June Term of the Court of Common Pleas, A. D. 1888, was found guilty of maintaining a liquor nuisance. A bill of exceptions taken by him and allowed by the presiding justice was overruled in this court January 4, 1889. He then filed in this court a petition for a new trial.

*January* 19, 1889. PER CURIAM. The defendant, who has been convicted of keeping a place for the sale of intoxicating liquors in violation of the law, asks for a new trial because one of the jurors who rendered the verdict against him was a constable of the town of Cumberland, and as such specially charged with the duty of enforcing the laws for the suppression of intemperance. The place which the defendant is alleged to have kept, however, was not in Cumberland, which was the precinct of the juror as constable, but in Lincoln, and we do not see that the office of constable is intrinsically incompatible with jury service. The defendant contends that the juror was disqualified because being a constable he was exempt from service as juror by statute. The statute, Pub. Stat. R. I. cap. 200, § 1, declares that "all persons who are qualified to vote upon any proposition to impose a tax or for the expenditure of money in any town shall be liable to serve as jurors, except as hereinafter provided." The second section begins, "The following persons shall be exempted from service as jurors, namely," and goes on to specify the persons descriptively, including constables. The defendant contends that constables are thus excepted from among those who are qualified. Taking the language of the first section, however, the persons specified in the second section are not excepted from among those who are *qualified* but from among those who are *liable* to serve, the exception · being not by way of disqualification but of exemption or privilege, as still more clearly appears by the language of the second section. This is the view which has always prevailed in practice so far as we are informed, and which was expressly adopted by this court in *State* v. *O'Brien*, 14 R. I. 266. The defendant refers to § 20 of cap. 200, which provides that if any town council shall draw as juror any person who is exempted from service, every member wilfully drawing such exempted person shall be fined twenty dollars; and contends that any person who

cannot be lawfully drawn as a juror must be disqualified from service. But it will be observed that the fine is incurred only by *wilfully* drawing the exempt. Persons who are exempt generally claim the benefit of their exemption, so that for a town council to send such persons to the courts operates practically both as an exoneration of their fellow townsmen from jury duty and as an interference with the regular administration of justice; and it is for this reason that the members of a town council who *wilfully* participate in so doing are subject to punishment. We do not think the section is inconsistent with our view as previously expressed. But beyond all this, the defendant should have inquired into the qualification of the juror, when the jury was empanelled, and should have objected to him then if disqualified; and having neglected to do so then it is too late for him to attempt to do it now. He cannot run his chances with the jury and at the same time hold his privilege in reserve for the contingency of conviction. *Ryan* v. *Riverside & Oswego Mills*, 15 R. I. 436. The law is very strict in this respect, as the cases cited in the case last named will show, and applies to criminal and civil causes alike.

*New trial denied and petition dismissed.*

*Horatio Rogers*, Attorney General, for plaintiff.

*Claudius B. Farnsworth & C. J. Farnsworth*, for defendant.