THE STATE OF KANSAS v. WILLIAM McDONALD.

No. 10972.

1. FALSE PRETENSES—*selling void school orders, indorsement by accused no defense where pretenses, not indorsement, relied on by buyer.* In a criminal prosecution for obtaining a check for money by false pretenses, where the transaction charged in the information and shown by the evidence is a sale of purported school-district orders which were invalid and without value, the mere fact that the defendant indorsed the warrants and thereby rendered himself liable as a guarantor for the amounts stated in them does not necessarily defeat a criminal prosecution. If the party defrauded parted with his money on the faith of the false pretenses, and did not rely on the personal responsibility of the defendant, a conviction may be had.

2. ——— *information for, charging obtaining check and getting money on check, State may elect to stand on obtaining check.* In such a case, where the information charges the defendant with obtaining a check on a bank and afterwards obtaining money on the check from the bank, and the State, before the conclusion of the trial, elects to stand on the charge of obtaining the check, the statement of all these facts in the information affords no ground for a reversal of the judgment.

3. EVIDENCE EXAMINED—*and held sufficient.* Testimony considered and held sufficient to sustain a conviction.

Appeal from Finney District Court. W. E. Hutchison, Judge. Opinion filed March 5, 1898. *Affirmed.*

*L. C. Boyle,* Attorney General, and *B. F. Stocks,* County Attorney, for the State.

*A. J. Hoskinson* and *Milton Brown,* for appellant.

ALLEN, J. An information was filed in the District Court of Finney County charging the defendant with having obtained from William Inge a check of G. T. Inge & Brother, for $89.25, by means of false pretenses, and with intent to cheat and defraud Inge Brothers. The false pretense, as set out in the information, was that two certain papers, in the form of

16—59 KAN.

school-district orders for money, which were presented to Inge by the defendant for sale, were valid school-district orders for the respective sums mentioned in them. The facts showing the invalidity of these orders and the defendant's knowledge thereof are set out circumstantially in the information. It is also alleged that Inge relied on the false pretenses and was deceived thereby, and that he was induced to and did execute and deliver to the defendant in payment for the orders a check for the sum of $89.25 drawn on the Bank of Western Kansas, and that the defendant presented the check to the bank and received from it payment of said sum of money. The information is long, and its averments are very full and circumstantial. The defendant was convicted, and sentenced to the penitentiary for a year and a half. From this conviction and sentence he appeals to this court. Many errors are assigned, all of which have been carefully examined, but it seems unnecessary to discuss each one separately.

As the State consented that the affidavit for a continuance might be treated as the deposition of the absent witnesses, no error appears in overruling the application.

There was no error in overruling the motion to quash the information. The fact that the defendant indorsed the warrants which he delivered to Inge in exchange for the check, and thereby guaranteed their genuineness and became liable in a civil action for the amount of them, does not necessarily relieve him from criminal liability. His guaranty may have been utterly worthless and so regarded by Inge. The cases are very rare, if indeed there could be one, in which a person who issues or negotiates a forged instrument of any kind does not render himself liable for the money he

1. Indorsement by accused no defense, when.

receives for it. But this liability does not lessen his criminality. Money judgments against forgers and other criminals are not usually of great value. Of course, if Inge bought the warrants on the faith of the defendant's indorsement, and relied solely on McDonald's financial obligation, that would be a complete defense, but there is nothing in the information to indicate that he did so. On the contrary, it is distinctly charged that he relied on the warrants and the pretenses as to their genuineness and validity. It is not necessary that the false token, or false pretenses used should be the sole inducement leading the defrauded party to part with his money or property. "It is sufficient if they are a part of the moving cause, and without them the defrauded party would not have parted with the property." *In re Snyder*, 17 Kan. 542; *The State v. Decker*, 36 id. 717, 14 Pac. 283; *The State v. McCormick*, 57 id. 440, 46 Pac. 777.

Another objection to the information is that it charges two felonies: one, that of procuring the signature of Inge & Brother to a written

2. State may elect to stand on single charge.

instrument by false pretenses, and the other of obtaining money by the same means. Motions were made at various stages of the trial to require the State to elect whether it would rely on the charge of obtaining the check or the money. The court finally required the election to be made, and the state elected to rely on the charge of obtaining the check; and it was on that charge that the defendant was convicted. Under the authority of *The State v. Meade* (56 Kan. 690, 44 Pac. 619), the information was not open to the objection urged. But at all events the election by the State left but the single charge, of which the defendant was clearly informed and which he had ample opportunity to meet.

The other objections to the sufficiency of the information are clearly untenable.

The fact that several members of the jury were school-district officers did not render them incompetent. Various complaints are made of the manner in which the jury was made up. The fact that juror Shull was a resident and taxpayer of School District No. 4, on which one of the warrants purported to be drawn, did not disqualify him for service as a juror. It was not charged that the school district was defrauded, but that Inge & Brother were defrauded, by the use of the bogus school order. There is no merit in any of the other objections to the jury.

Counsel for the defendant requested the court to instruct the jury to bring in a verdict of not guilty, and the refusal of the court to so instruct is assigned as error. There was ample testimony of guilt to go to the jury. The defendant and his confederate, Grant S. Lowel, alias Luther S. Grant, alias William Haley, by calling on the officers of two school districts separately, procured partially executed orders on the treasurers for money. These orders seem to have been obtained as contracts from the school districts for compo-blackboards to be put in the school houses by the defendant and his confederate. Neither of these orders was ever authorized at a meeting of the school-district board. The amount inserted in the order on school district No. 6 was written in, either by the defendant or his partner, after being signed by two members of the district board, and the name of the treasurer of district No. 4 was signed to the other order, as director, by the defendant or his partner. These orders were sold to Inge before any work whatever had been done for either district. At the time the check was obtained there was not a cent due to the defendant on the warrants, and he of course

knew all the facts. If it be conceded that he intended to put in the blackboards, that fact furnishes no defense to the prosecution. At the time he sold the warrants they were of no binding force on the school districts and were not what they purported to be. The defendant had no right whatever to negotiate them as valid instruments.

A different question would have been presented if the defendant had fully informed Inge with reference to all the facts. If Inge had then advanced the check for them, relying on McDonald to carry out his contract and earn the sums stated in the orders by putting in the blackboards, a very different case would be presented. But McDonald, in his own testimony, makes no such claim. His own statement is that he offered to sell the warrants without any representations or explanations, and that Inge bought them without inquiry into the facts. There was ample testimony, not merely to warrant the court in submitting the case to the jury, but to uphold the verdict rendered. There was no error in receiving the verdict on the 1st of July. The fact that the Kearny county court had been adjourned until that day did not operate necessarily to adjourn the Finney county term before the receipt of the verdict. For aught that appears the verdict might have been received in the morning, in ample time for the judge to open court in Kearny county on the same day. Many objections are made to the instructions, but we find nothing meriting discussion in this opinion. The charge as a whole was fair, and quite as favorable to the defendant as the law warrants. The court did not err in overruling the motions for a new trial and in arrest of judgment.

The judgment is affirmed.