State vs. Carter.

---

No. 14,139.

STATE OF LOUISIANA VS. WILLIE CARTER.

SYLLABUS.

1. The fact of being a constable, though good ground on which to claim exemption from jury service, does not disqualify from serving on the Grand Jury.

State vs. Carter.

2.   The witness heard.shots; and looking in the direction he heard them, saw the smoke and saw two men engaged in the conflict. He grabbed his shotgun and started towards the scene of the shooting. As he went, the deceased ran towards him, pursued by the accused, pistol in hand; when deceased got near enough to him he cried out to witness: "They've got me." Witness asked "Who?" and deceased called out: "Will Carter shot me." This statement of deceased was part of the *res gestae*.

3.   A written dying declaration is not inadmissible because sworn to; nor because some of its statements, of themselves and if standing alone, would not fall within the rule admitting dying declarations.

4.   Statements of the deceased to the effect that the accused had fired the first shot and had attempted to murder him without cause or excuse, were allowed to be repeated to the jury, over the objection of the accused because these statements had been made in the presence and hearing of the accused and had not been contradicted by him. The rule is that hearsay evidence is inadmissible; the exception to this rule in favor of uncontradicted statements does not extend to cases where the accused was under arrest when the statements were made.

APPEAL from the Twentieth Judicial District, Parish of Lafourche. *Caillouet, J.*

*Walter Guion,* Attorney General, and *W. P. Martin,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*John S. Billiu,* for Defendant, Appellant.

## MOTION TO QUASH.

The opinion of the court was delivered by

PROVOSTY, J. The fact of being a constable, though good ground on which to claim exemption from jury service, does not disqualify from serving on the grand jury. Act 99 of 1896, Section 1.

## BILL OF EXCEPTIONS, No. 1.

"The witness heard shots and, looking in the direction he heard them, saw the smoke and saw two men engaged in the conflict. He grabbed his shot-gun and started towards the scene of the shooting. As he went, the deceased ran towards him, pursued by the accused, pistol in hand; when deceased got near enough to him he cried out to witness: 'They've got me.' Witness asked 'Who?' and deceased called out: 'Will Carter shot me.'"

This statement of deceased was part of the *res gestae*.

## BILLS NOS. 3 AND 4.

A written dying declaration is not inadmissible because sworn to; nor because some of its statements, of themselves and if standing alone, would not fall within the rule admitting dying declarations. The declaration must go in as a whole. State vs. Trivas, 32 Ann. 1086.

## BILL OF EXCEPTIONS No. 2.

Statements of the deceased to the effect that the accused had fired the first shot and had attempted to murder him without cause or excuse, were allowed to be repeated to the jury, over the objection of the accused, because these statements had been made in the presence and hearing of the accused and had not been contradicted by him. But the accused, at the time the statements were made, was under arrest, and it is well settled that the exception by which uncontradicted statements are taken out of the rule excluding hearsay, does not extend to cases where the accused was under arrest when the statements were made. State vs. Diskin, 34 A. 919; State vs. Estoups, 39 Ann. 906.

The statements in this case bore on material facts such as may have influenced the verdict of the jury. The admission of them, therefore, is reversible error.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from, and the verdict on which it is founded, be set aside, and that the case be proceeded with according to law.