# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1908-1909

## Pate *v.* The State.

*Larceny.*

(Decided Jan. 21, 1907. Rehearing denied Feb. 5th, 1909.
48 South. 388.)

1. *Jury; Qualification; Exemption; Personal Privilege.*—The statute exempting sheriffs, etc.' from jury duty (Sec. 7425, Code 1907), does not disqualify them, but merely confers a personal privilege which may be waived by them.

2. *Evidence; Former Trial.*—A witness' testimony taken down at the former trial may be reproduced on a subsequent trial where it is shown that the witness was legally sworn and examined on the former trial, but since that time has left the state permanently, or for an indefinite time, and at the time of this trial is in such other state.

33. *Appeal; Record; Objections.*—An assignment and contention that the court erred in the admission of evidence not sustained by the record, is without merit.

4. *Appeal and Error; Harmless Error.*—It was harmless error to exclude a non responsive answer to a question as to whether defendant could read or write, when a witness subsequently testified that the defendant could not sign his name.

5. *Larceny; Instructions.*—Where the evidence was conflicting as to the flesh marks on the cow, and there were other marks of identification other than the color of her hair, a charge asserting that the defendant should be acquitted unless the jury was satisfied from the evidence beyond all reasonable doubt that the cow the defendant is accused of stealing was a black or black brown cow with a white face, is properly refused.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Seab Pate was convicted of larceny, and he appeals. Affirmed.

[Pate v. The State.]

The evidence as to the swearing of the witness Mc-Laughlin on the former trial was that all the witnesses were sworn together, and that he and Mrs. Upton were the main witnesses in the case, and was examined and testified on the trial, and that since the trial he had moved to Mississippi, and was living there at the time of this trial. After this introductory testimony, a witness was permitted to testify as to what McLaughlin swore on a former trial.

The following charges were refused to the defendant: (1) General affirmative charge. (2) "I charge you, gentlemen of the jury, that unless you are satisfied from the evidence beyond all reasonable doubt that the cow the defendant is accused of stealing was a black or a black-brown cow, with a white face, you cannot convict the defendant."

LEITH & GUNN, for appellant. The court erred in not quashing the jury venire. There were several deputy sheriffs on the jury. Code 1907, Sec. 7245. The court erred in permitting McLaughlin's evidence on the former trial to be given in the manner here permitted.— *Morton v. The State,* 63 Ala. 488; *Mosely v. The State,* 98 Ala. 50; *Bryant v. Owens,* 2 S. & P. 134; 15 Ala. 749. The court erred in admitting the testimony of Ellis.— *Dyer v. The State,* 88 Ala. 225. The court erred in sustaining objections to Bordan's testimony.—*Chancy v. The State,* 31 Ala. 342.

ALEXANDER M. GARBER, Attorney-General, and THOS. W. MARTIN, Assistent Attorney General, for the State. No question is presented for review on motion to quash venire.—*Milner v. Wiggins,* 143 Ala. 132. The fact that some of the jurors were deputy sheriffs did not render the venire objectionable.—*Jachson v. The State,* 74

Ala. 26. A sufficient predicate was laid for the admission of McLaughlin's testimony on former trial.—*Perry v. The State,* 87 Ala. 30; *Jacobi v. The State,* 133 Ala. 1; *Shirley v. The State,* 144 Ala. 35. No injury resulted from the action of the court in sustaining objections to Bordens testimony.—*Ray v. The State,* 136 Ala. 9.

TYSON, C. J.—The first exception reserved relates to the overruling of defendant's challenge for cause to certain persons on the ground that they were deputy sheriffs, and therefore incompetent to serve. The statute (section 7245, Code 1907) exempts sheriffs and their deputies from jury duty, but does not disqualify them. This exemption is a mere personal privilege, which they may waive.—*Jackson v. State,* 74 Ala. 26; *Spigener v. State,* 62 Ala. 383.

The testimony of the witness McLaughlin given on the former trial was properly admitted. It was open to the trial judge to find that this witness had been legally sworn and examined upon the former trial of the defendant for the offense, and that since that trial he had moved permanently or for an indefinite time to the state of Mississippi, where he still resided at the date of this trial.—*Jacobi v. State,* 133 Ala. 1, 32 South. 158; *Lowe v. State,* 86 Ala. 47, 5 South. 435. It may be seriously doubted whether the objection interposed raised this question because of its generality. But, conceding that it did, upon the entire evidence pertinent to the inquiry we feel no hesitancy in holding that the ruling was correct.

We do not find in the record that the court allowed witness J. B. Ellis to testify as to what defendant's wife said on the night of his arrest. The contention of appellant's counsel that the court erred in this respect, being unsupported by the record, is, of course, without merit.

[Pate v. The State.]

The prosecution offered testimony tending to show that at the time the defendant sold the cow to McLaughlin he wrote a name upon a piece of paper as the seller of the cow. To contradict this the defendant offered testimony tending to show that he could neither read nor write, which was undoubtedly competent, and which the court admitted. One Borden was examined as a witness for defendant. He testified that he had known his since he was a boy; that he worked for witness "about five years ago," which was more than two years before the alleged larceny of the cow. He was asked this question: "Well, can he read and write?" Instead of answering the question, "Yes" or "No," the witness narrated a past occurrence that took place between himself and defendant some five years previous, involving the declaration of defendant that he could not sign his name at that time, which was excluded, on motion, by the court. If this ruling was error, it was harmless, for the reason that this witness subsequently testified substantially that defendant could not sign his name.

The guilt of defendant upon the charge alleged in the indictment, was clearly, under the testimony, one for the jury. Therefore charge 1, requested by defendant, was properly refused.

Charge 2, refused to defendant, was also properly refused. Under the testimony there was a conflict as to the flesh marks of the cow alleged to have been stolen. This charge would have required an acquittal of defendant, although the jury may have believed beyond a reasonable doubt that he stole the cow, though they may not have believed beyond a reasonable doubt that her color was "black or a black-brown," as asserted in the charge. There were other marks of her identification besides that of the color of her hair.

The overruling of defendant's motion for a new trial is, of course, not revisable.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.