No. 19,921.

THE STATE OF KANSAS, *Appellee*, v. CLIFTON RICHMOND, *Appellant.*

### SYLLABUS BY THE COURT.

1. FRAUDULENT REPRESENTATIONS—*Conspiracy to Defraud Corporation—Information Charges but One Offense.* An information charging in one count that defendants conspired together to defraud a corporation, and by fraudulent representations, which are set forth, obtained from it its bank check, by means whereof they obtained a certain sum of money and thereby defrauded the corporation, charges but one offense.

2. SAME—*Information Sufficiently Definite and Certain.* The information in this case is held sufficiently definite and certain to enable defendant to learn the exact nature of the offense charged.

3. SAME—*Evidence—Statements of Coconspirator Admissible.* Where the state offers evidence which tends to support its claim that a conspiracy to commit a felony continued to exist for the purpose of concealing evidence of the offense charged, the acts and declarations of one conspirator in furtherance of the conspiracy or while it continues are admissible against a coconspirator.

The State v. Richmond.

4. SAME—*Trial—Attempt to Corrupt Jury—No Abuse of Judicial Discretion.* The sound discretion of the trial court must determine what is the proper course when in the progress of a criminal trial it is brought to the court's attention that an attempt has been made to corrupt the jury. On the facts stated in the opinion, it is held that there was no abuse of discretion in denying defendant's motion to discharge the jury.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed November 6, 1915. Affirmed.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for the appellant.

*S. M. Brewster,* attorney-general, *L. W. Hamner,* county attorney, *Thomas L. Bond, C. W. Burch,* and *B. I. Litowich,* all of Salina, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant appeals from a conviction upon the thirteenth count in an information, which count charged in substance:

"That the defendant Richmond and one W. S. Conaway conspired together with the intent to cheat and defraud the Lee Hardware Company, a corporation, by falsely and fraudulently representing that the Lee Hardware Company was indebted to the Santa Fe Railway Company on certain freight bills, which the defendants, Richmond and W. S. Conaway, unlawfully and feloniously presented to the Lee Hardware Company as genuine, true and correct freight bills, and that the same were issued in evidence of freight charges for freight actually carried by the said Railway Company for the Lee Hardware Company, and that by means of said felonious and fraudulent freight bills induced the Lee Hardware Company to deliver its bank check of the value of $151.69, and by means thereof did obtain from said Lee Hardware Company the sum of $70.00 thereby defrauding the Lee Hardware Company in the sum of $70.00."

His first complaint is that a motion to quash should have been allowed because the charge is so indefinite and uncertain that he was unable to learn therefrom the exact nature of the offense alleged against him. We can not see wherein it lacks definiteness or certainty, and are not impressed with the claim that defendant was not sufficiently informed of the exact nature of the offense charged.

The defendant also moved to require the state to elect upon

which one of two charges, which he contends are contained in this count, it would proceed against him. His contention is that the count is bad for duplicity; that it charges one felony in obtaining money by false and fraudulent representations, and another in obtaining the signature to a bank check by certain false and fraudulent representations. These objections are all fully answered by the following cases: *The State v. Palmer,* 50 Kan. 318, 32 Pac. 29; *The State v. Meade,* 56 Kan. 690, 44 Pac. 619; *The State v. McDonald,* 59 Kan. 241, 52 Pac. 453; *The State v. Briggs,* 74 Kan. 377, 86 Pac. 447.

In the Meade case, *supra,* it was contended that a count in an information was bad for duplicity; that it charged two separate offenses: first, obtaining a signature to a written instrument by false pretenses; and second, obtaining money by false pretenses. The court held that when the acts mentioned "have been committed by the same person at the same time, they may be coupled together in a single count as constituting a single offense. In such cases each one of the acts may be considered as representing a step or stage in the same offense, and all combined may be set forth in the same count and treated as a single violation of law. (*The State v. Pryor,* 53 Kan. 657, 37 Pac. 169.)" (p. 693.)

It is insisted that there was no evidence to show that when the check was obtained the Lee Hardware Company had any money in the bank or that the check was paid by the bank. It was shown by proof that in exchange for the check the bank issued a draft payable to the treasurer of the railway company, and that the draft was paid in regular course. The draft went into the hands of Conaway, the agent of the railway at Salina, who was charged in the same information with having conspired with the defendant Richmond to commit the offense. The defendants demanded and were granted separate trials. There was no error in the admission of evidence showing changes and mutilations of books and records of the railway company, the effect of which was to destroy evidence of the crime and the conspiracy. Nor was there error in the admission of evidence of statements made by Conaway in the defendant's absence, for the reason that it was claimed by the state throughout the trial and in the information that a conspiracy existed between the two which had for its object and

purpose not only the commission of the numerous felonies charged, but also the concealment of evidence tending to prove the same; and that the conspiracy continued after the Lee Hardware Company discovered that for a number of years it had been systematically defrauded by its employee, the defendant, and Conaway, the agent of the railway company. It can not be said that the state failed to establish by substantial proof, circumstantial and direct, the conspiracy and the fact that it continued and included the commission of other felonies for the purpose of concealing evidence of the original crimes. The law is well settled, and defendant's own brief sets forth numerous citations from authorities to the effect that the acts and declarations of one conspirator are admissible against a coconspirator if they are made or performed in aid or execution of the conspiracy or while it still exists. The authorities cited in the brief holding inadmissible acts or declarations of a coconspirator after the conspiracy has ceased need not be considered. (See, however, *The State v. Adams,* 20 Kan. 311; *The State v. Boyland,* 24 Kan. 186, 188; 12 Cyc. 438; 3 Encyclopedia of Evidence, 432.)

During the trial the court stated to the jury that information had been received of an attempt to bribe the jury, and called upon any juror who had been approached to make a full disclosure of the fact. One juror arose and stated that he had received a communication. The others were sent from the room, and his examination disclosed that some person, to him unknown, had handed him a note offering him $90 to acquit the defendant. He testified that he did not believe the circumstance would have any weight in determining his verdict. Being pressed in cross-examination by defendant's counsel to say whether he felt that the defendant or his attorneys were in any way responsible for the communication, he stated that he would be obliged to answer in the affirmative. No evidence was offered by either side in reference to the matter. The court denied the motion of defendant to discharge the jury. The sound discretion of the trial court must determine what is the proper course in a situation of this kind, arising suddenly in the progress of a criminal trial, and unless an abuse of discretion is shown the court's action should be upheld. Obviously, it would not do to lay down a rule that in all such

situations the jury must be discharged, for that would offer a premium upon corruption and encourage attempts to tamper with juries. The record contains nothing to indicate an abuse of discretion in denying the motion to discharge the jury. We find no error in the instructions and conclude that defendant was given a fair and impartial trial, and the judgment is therefore affirmed.