68 So.2d 68

## McADORY v. STATE.

### 6 Div. 735.

Court of Appeals of Alabama.

Oct. 27, 1953.

Rehearing Denied Nov. 10, 1953.

Gibson, Hewitt & Gibson, Birmingham, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montevallo, of counsel, for the State.

CARR, Presiding Judge.

On an indictment charging assault with intent to murder the indictee was convicted of the lesser offense of assault and battery.

We agree with appellant's counsel that the only question of meritorious, reviewable concern is whether or not a juror who is employed by the State of Alabama is subject to challenge for cause in a criminal prosecution.

The juror in the instant case worked in one of the "State stores." We presume that this employment was in one of the State liquor stores.

Under the provisions of Section 6, Article I of the 1901 Constitution of Alabama

and the Sixth Amendment to the Constitution of the United States an accused shall have the right to a speedy, public trial by an impartial jury.

■ The disqualifications of a prospective juror, on account of bias may be actual or implied; that is to say, it may be bias in fact or it may be bias as a matter of law.

In the case at bar, we are not concerned with the former ground for disqualification.

There is no proof or contention that the nature or circumstance of the juror's employment was in any manner involved in the prosecution, unless it can be said that the mere fact that he worked for the State made it so.

Our courts have held that a person who is employed by a municipality is subject to challenge for cause as a juror to try a case in which the prosecution is based on a violation of an ordinance of the city employer. Shapiro v. City of Birmingham, 30 Ala.App. 563, 10 So.2d 38; Lightfoot v. City of Birmingham, 36 Ala.App. 77, 52 So.2d 398.

It is our view that these authorities are not in point or controlling. These prosecutions were quasi criminal in nature. The municipality was a party to the cause. Therefore we held that the situation was in effect analogous to a civil action against a city. City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430.

■ "Prosecution" is a term of criminal law. It is descriptive of the means adopted to bring an accused to justice by due process of law. It is a proceeding in which the whole community, considered as a community in its social capacity, is involved. In this aspect society is designated or described as "The State", "The People", "The Commonwealth." The "State", etc., is acting simply as the instrument of the public in enforcing penal laws in order that society may be protected from infractions thereof.

■ If appellant's insistences were extended to an ultimate rationale, each citizen of a State would be disqualified to serve as a juror in a criminal prosecution. What possible interest has a State employee, merely as such, different from that of any citizen who desires to see crime properly punished?

In the case of Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465, decided February 1, 1909, it was held that an employee of the United States government was not a qualified juror in a case in which the government was a party. The juror in question was a postal employee, and the prosecution involved a violation of the postal laws.

The disqualification was based on the notion or theory that at common law a servant of the crown was not a qualified juror and this disqualification was contained in the constitutional requirements or inhibitions.

The Crawford case was discussed and, for all practical purposes, overruled in United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78. See also, Schackow v. Government of Canal Zone, 5 Cir., 108 F.2d 625; Baker v. Hudspeth, Warden, 10 Cir., 129 F.2d 779; Smith v. U. S., 67 App. D.C. 251, 91 F.2d 556.

In the case of United States v. Chapman, 10 Cir., 158 F.2d 417, 419, the circuit court of appeals had for review the effect of the provisions of an Oklahoma statute, Title 12, O.S.A. § 572. In pertinent part the statute provides: "Who is the employer, employee, counselor, agent, steward or attorney of either party * * * may be challenged for such causes; in either of which cases the same shall be considered as a principal challenge, and the validity thereof be tried by the court * * *."

In response to the review the court held in effect that under the common law there is no settled rule that establishes that a juror is disqualified per se in a cause in which the government is a party because he is a governmental employee. The court expressed this view: "The Oklahoma Supreme Court has not considered the point, but we perceive no reason why it would not adopt this construction and interpretation of the synonymous words 'employer' and 'employee', as used in the Oklahoma statute."

We think there are logical analogy and influencing authority in that line of cases which hold that certain officers are not subject to challenge for cause as for implied bias in prosecutions for violations of criminal laws of the state in which they serve. We will cite these cases without comment: Jackson v. State, 74 Ala. 26 (coroner); Pate v. State, 158 Ala. 1, 48 So. 388 (deputy sheriff); Spittorff v. State, 108 Ind. 171, 8 N.E. 911 (bailiff); O'Connor v. State, 9 Fla. 215 (coroner); State v. Adams, 20 Iowa 486 (county supervisor); State v. McDonald, 59 Kan. 241, 52 P. 453 (school district officers); State v. Carter, 106 La. 407, 30 So. 895 (constable); State v. Petit, 119 La. 1013, 44 So. 848 (deputy sheriff); State v. Foster, 150 La. 971, 91 So. 411 (deputy sheriff); Fellows' Case, 5 Me. 333 (constable); State v. Wright, 53 Me. 328 (coroner); People v. Lange, 90 Mich. 454, 51 N.W. 534 (justices of the peace); Glassinger v. State, 24 Ohio St. 206 (justice of the peace); State v. Cosgrove, 16 R.I. 411, 16 A. 900 (constable); Burns v. State, 12 Tex.App. 269 (deputy sheriff); Mingo v. State, 61 Tex.Crim.R. 14, 133 S.W. 882 (deputy sheriff).

In our view, the appellant's position in the case at bar is not supported by reason or authority.

The judgment below is ordered affirmed.

Affirmed.