THE STATE OF OHIO, APPELLEE, *v.* SIMS, APPELLANT.

[Cite as State v. Sims, 20 Ohio App. 2d 329.]

(No. 1373—Decided December 17, 1969.)

*Mr. Lawrance S. Huffman,* prosecuting attorney, for appellee.

*Messrs. Navarre, Rizor, DaPore & Pettit,* for appellant.

POTTER, J. This is an appeal from a conviction of murder in the second degree by a jury in Allen County.

The first assignment of error is that the trial court should have granted defendant's challenge for cause as to juror Clarence R. Youngpeter, on the ground that he was, at the time of the trial, an employee of the plaintiff, state of Ohio, working in the Highway Department.

The second assignment of error is that the court also erred in overruling defendant's challenge for cause as to prospective juror Dale Huber.

The third assignment of error is that the court erred in overruling defendant's motion for a new trial and rests on the arguments advanced under assignments one and two.

The validity of assignment No. 1 depends on the interpretation of Section 2313.42, Revised Code, relative to causes for challenge found in the civil jury selection statutes. The pertinent part of the statute is set forth below:

"(E) That he is the employer, employee, or the spouse, parent, son, or daughter of the employer or employee, counselor, agent, steward, or attorney of either party;"

Section 2945.25, Revised Code, provides that challenges shall be allowed as in Sections 2313.41 to 2313.43, inclusive, Revised Code.

No cases were cited by counsel specifically dealing with the questions raised by the first assignment. Appellee argues that the state of Ohio is not a "party" within the meaning of Section 2313.42, and that the logical extension of defendant's argument would be to exclude all citizens of the state from serving as jurors and perhaps as judges in criminal cases.

In *United States* v. *Wood*, 299 U. S. 123, there is a thorough historical analysis of the right of a government employee to serve on a jury. In that case, involving a crime, the court referred to Blackstone's statement of the grounds of a principal challenge, which included the following at page 138:

" '* * * that he is the party's master, servant, counsellor, steward, or attorney, or of the same society or corporation with him: * * *' "

The court then held that Blackstone referred to masters and servants of private parties.

Blackstone's language is similar to the Ohio Code section. The syllabus of the court reveals the holding of the court on that facet of the case:

"6. In the absence of any settled practice under the English law establishing an absolute disqualification of governmental employees to serve as jurors in criminal cases, and in the absence of evidence that such a disqualification existed in the American Colonies or in the States, at the time of the adoption of the Sixth Amendment, there is no ground for treating such a disqualification as embedded in that Amendment by the common law."

And, also, in the opinion, at page 149, see the following:

"* * * We think that the imputation of bias simply by virtue of governmental employment, without regard to any

actual partiality growing out of the nature and circumstances of particular cases, rests on an assumption without any rational foundation."

The Court of Appeals of the Tenth Circuit, in an eminent domain case, *United States* v. *Chapmen,* 158 F. 2d. 417, followed *United States* v. *Wood,* 299 U. S. 123, in interpreting an Oklahoma statute. The court referred to the statute as follows, at page 418:

"* * * Section 572, Title 12 O. S. A., in material part, provides that a petit juror, 'Who is the employer, employee, counselor, agent, steward or attorney of either party * * * may be challenged for such causes; in either of which cases the same shall be considered as a principal challenge, and the validity thereof be tried by the court * * *, * * *,' "

The court then stated the following, at page 419:

"* * * Thus, we are sure that, under the Common Law, the prospective juror was not disqualified per se, merely because he was a government employee. The Oklahoma Supreme Court has not considered the point, but we perceive no reason why it would not adopt this construction and interpretation of the synonymous words 'employer' and 'employee,' as used in the Oklahoma statute."

In the case of *Goldsby* v. *State* (1960), 240 Miss. 647, 123 So. 2d 429, the court held that a state employee was not disqualified to serve as a juror in a criminal case merely because he was a government employee, but, of course, the defendant may show actual bias. The Mississippi Supreme Court held further that cases holding a juror subject to challenge for cause, where he is an employee of one of the parties to a civil action, were not in point.

See, also, *McAdory* v. *State,* 37 Ala. App. 349, 68 So. 2d 68, wherein the court made the following observation, at page 350:

" 'Prosecution' is a term of criminal law. It is descriptive of the means adopted to bring an accused to justice by due process of law. It is a proceeding in which the whole community, considered as a community in its social capacity, is involved. In this aspect society is designated or

described as 'The State,' 'The People,' 'The Commonwealth.' The 'State,' etc, is acting simply as the instrument of the public in enforcing penal laws in order that society may be protected from infractions thereof.

"If appellant's insistences were extended to an ultimate rationale, each citizen of a State would be disqualified to serve as a juror in a criminal prosecution. What possible interest has a State employee, merely as such, different from that of any citizen who desires to see crime properly punished?"

See, also, *Buchanan* v. *State*, 214 Ark. 835, 218 S. W. 2d 700, and *Marshall* v. *United States* (C. C. A. 10), 293 F. 2d 561.

The Ohio statute, Section 2313.42 (E), Revised Code, appears to be a codification of the common law, thus, historically, it was applicable only in the case of a private employer-employee relationship. Case law and logic also support this conclusion. Where actual bias is lacking, as in the instant case, a state employee is not disqualified from serving on a jury in a criminal case. Assignment of error No. 1 is not well taken.

Assignment of error No. 2 must be considered in light of the holding on assignment of error No. 1. Mr. Huber was excused on a peremptory challenge; Mr. Youngpeter was a qualified juror; there is no evidence that the accused was compelled to submit to trial before a prejudiced juror. The trial court has a wide discretion and there is here no clear indication that this discretion was abused. *Dew* v. *McDivitt*, 31 Ohio St. 139; *State* v. *Laskey*, 13 Ohio App. 2d 91; 32 Ohio Jurisprudence 695, Jury, Section 102.

Assignment of error No 3 is, therefore, also without merit. The judgment of the Common Pleas Court is affirmed and the cause is remanded.

*Judgment affirmed.*

YOUNGER, J. (Presiding), and GUERNSEY, J., concur.

POTTER, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.