LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted in each of five separate cases (CC 80-00661 through CC 80-00665) in which he was charged with selling an alcoholic beverage without a license. He had been previously convicted in each case in the Municipal Court of the City of Birmingham and had appealed to the Circuit Court of Jefferson County and demanded a jury trial. Before the trial started, the trial court consolidated for trial all of the five cases, over the objection of defendant. During the process of interrogating the panel of jurors from which the jury to try the case was selected, the following occurred:
“THE COURT: As I call your name, please stand and give your name, your address, where you work, and if you have a spouse who works, where your spouse works. That’s name, address, employment, and employment of spouse, if any. “(The Court called the roll and the prospective jurors complied with the order of the Court, during which the proceedings were as follows:)
“JUROR WILSON: I live at 1356 Gibson Drive in Forestdale. I’m a clerk in the engineering department of the City of Birmingham. My husband is a retired life insurance salesman.
“MR. CONWAY: We challenge for cause.
“THE COURT: On the basis of her employment?
“MR. CONWAY: Yes, sir.
“THE COURT: Overruled.
“MR. CONWAY: This lady here, Robbie M. Wilson, I believe you said you work for the City of Birmingham?
“JUROR WILSON: Yes, sir.
“MR. CONWAY: Let the record show that No. 220, Robbie M. Wilson, is an employee of the City of Birmingham. And in what capacity?
“JUROR WILSON: I’m a clerk in the engineering department.
“MR. CONWAY: Clerk in the engineering department. And we challenge for cause, and His Honor has denied the challenge, and we reserve an exception.
“THE COURT: All right. I overrule it.”
It is understood that the jury remained on the panel from which the jury that tried the case was selected by the process of striking.
A major ground of insistence on appeal is that the trial court erred in overruling defendant’s challenge for cause of the juror employed by the City of Birmingham as stated. He relies largely upon Lightfoot v. City of Birmingham, 36 Ala.App. 77, 52 So.2d 398 (1951) and Shapiro v. City of Birmingham, 30 Ala.App. 563, 10 So.2d 38 (1942), in which it was held that it was reversible error for the trial court to overrule a challenge for cause of a prospective juror who at the time was an employee of the city of Birmingham. In taking issue with appellant on the point, appellee relies upon McAdory v. State, 37 Ala.App. 349, 68 *523 So.2d 68 (1953) and Brown v. State, 37 Ala.App. 516, 74 So.2d 273, aff'd 261 Ala. 696, 74 So.2d 277 in which it was held that in a prosecution by the State of Alabama, the trial court was not in error in overruling defendant’s challenge for cause of a prospective juror who was employed at the time by the state of Alabama. In attempting to distinguish between cases in which it was held that the juror in question was subject to the challenge for cause and those in which it was held that he was not, appel-lee states in its brief:
“The cases he recites in support of this contention were decided in 1942 and 1951 by the Alabama Court of Appeals. However, several years later in 1953 and 1954 the Alabama Court of Appeals held that bias would not be implied as a matter of law merely on the basis of employment by the State where the employee is in no manner involved in the present prosecution.”
We prefer the language of, and the reason for, the distinction made by Judge Carr in McAdory v. State, supra, at 68 So.2d 69:
“It is our view that these authorities [Shapiro v. City of Birmingham and Lightfoot v. City of Birmingham] are not in point or controlling. These prosecutions were quasi criminal in nature. The municipality was a party to the cause. Therefore, we held that the situation was in effect analogous to a civil action against a city. City of Birmingham v. Gordon, 167 Ala. 334, 52 So. 430.
“ ‘Prosecution’ is a term of criminal law. It is descriptive of the means adopted to bring an accused to justice by due process of law. It is a proceeding in which the whole community, considered as a community in its social capacity, is involved. In this aspect society is designated or described as ‘The State’, ‘The People’, ‘The Commonwealth.’ The ‘State,’ etc., is acting simply as the instrument of the public in enforcing penal laws in order that society may be protected from infractions thereof.
“If appellant’s insistence were extended to an ultimate rationale, each citizen of a State would be disqualified to serve as a juror in a criminal prosecution. What possible interest has a State employee merely as such, different from that of any citizen who desires to see crime properly punished?”
There has been no change in the principle stated and applied in Shapiro, supra, and Lightfoot, supra, to the effect that employment of a juror by a party to litigation is in and of itself generally calculated to affect adversely the desirable balance one should have as a juror and for that reason a juror employed by a municipality is subject to challenges for cause in a case in which the municipality is a party. It follows that the trial court was in error in overruling defendant’s challenge for cause of the particular juror.
We do not agree with appellant’s contention that the complaint in any of the five cases was subject to demurrer on the ground that it failed to state the name of the person to whom the defendant allegedly sold an alcoholic beverage. Adkins v. State, 291 Ala. 695, 287 So.2d 451 (1973) and Manson v. State, Ala.Cr.App., 349 So.2d 67 (1977) are to the contrary in prosecutions for the sale of a controlled substance and a sale involving a transaction in securities respectively.
In view of the necessity for a reversal for the reasons stated and the probability that the two other issues presented by appellant will not arise again, we make no determination of them at this time.
For the error indicated, the judgment in each of the cases from which this appeal was taken should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court in each of the cases involved in this appeal is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur except BOWEN, J., dissents.