[1] The defendant's case in the Court of Criminal Appeals was under the name "Carl Anthony Nettles," but his petition in the Supreme Court was filed under the name "Karl Anthony Nettles."
Defendant was convicted by a jury of receiving stolen property in the third degree. Code 1975, § 13A-8-19. The sentence imposed was one year's imprisonment. The Court of Criminal Appeals affirmed the conviction, and the defendant petitioned this Court for a writ of certiorari, which was granted.
The activities leading up to the defendant's conviction took place on November 9, 1981, outside a nightclub in Mobile, Alabama. At approximately one o'clock in the morning, a police officer observed four males standing behind a car with the trunk open. The defendant was holding a box labelled "Pleading Foods Company," which was filled with frozen meat. One of the other men was taking meat from the box and had some money in his hand. When the police officer turned on his automobile's bright headlights, the defendant ran with the box in his hands.
The police officer pursued the defendant on foot, apprehended him, and searched both the defendant and the box he was carrying. The box contained meat which had been stolen from a Mobile County elementary school lunchroom and which was the property of the Mobile County School Board.
During the process of empanelling a jury, defendant's attorney moved the trial court to strike for cause six prospective jurors "based on the fact that they were all employees of the alleged victim in the case, the Mobile County School Board." The motion was overruled.
As grounds for appeal, three points of error are raised, only one of which merits consideration. The defendant asserts that the trial court erred in refusing to allow a challenge for cause to the six School Board employees who were on the jury venire.
The defendant maintains that Welch v. City of Birmingham,389 So.2d 521 (Ala.Crim.App. 1980), is controlling authority for his assertion that the trial judge committed reversible error in refusing to sustain his challenges for cause. Welch held that "employment of a juror by a party to litigation is in and of itself generally calculated to affect adversely the desirable balance one should have as a juror and for that reason a juror employed by a municipality is subject to challenge for cause in a case in which the municipality is a party." 389 So.2d at 523. It is our opinion that the holding in that case is not dispositive of the issues before us in this case.
The opinion of the Court of Criminal Appeals affirming the judgment of the circuit court stated, "The School Board was not a `party' to the criminal prosecution. The Board was the `victim'." Nettles v. State, [Ms. Feb. 1, 1983] 435 So.2d 146
(Ala.Cr.App. 1983). Thus, the issue presented to this Court for resolution is whether employment of a prospective juror by the victim of a crime, though not a party to the subsequent criminal prosecution, is grounds for automatic disqualification of the juror for cause.
Unlike the facts in Welch, where the juror was an employee of the City of Birmingham, which was a party to the litigation, the School Board, as owner of the stolen property, was merely the victim of the crime and not a party to the subsequent prosecution. See, McAdory v. State, 37 Ala. App. 349,68 So.2d 68 (1953). We do not think that the particular employment relationship between the prospective jurors and *Page 153 
the School Board, in and of itself, can be said, as a matter of law, to give rise to an implied bias on the part of the prospective jurors. Welch, supra, at 524 (Bowen, J., dissenting). We are not aware of any Alabama authority directly in support of this proposition; however, we do find two decisions by United States Circuit Courts of Appeals to be persuasive.
The defendant in United States v. Brown, 644 F.2d 101 (2d Cir.), cert. denied, 454 U.S. 881, 102 S.Ct. 369,70 L.Ed.2d 195 (1981), was convicted of robbing a bank. On appeal, he asserted as reversible error the trial court's failure to excuse for cause a potential juror. On voir dire examination it had been discovered that the potential juror was employed by the bank but at a branch different from the one robbed. After eliciting responses from the juror that any decision she made would be based upon the evidence presented and that her employment with the bank would not affect her judgment, the trial judge refused to excuse her.
In Brown, the defendant's appeal was based on a bank robbery decision in another circuit, involving facts identical to those in Brown and in which it was held reversible error not to excuse the jurors for cause. United States v. Allsup,566 F.2d 68 9th Cir. 1977). The Court in Allsup had presumed bias on the part of the jurors because of their employment relationship with the bank because of the apprehension of violence from bank robbers on the part of bank employees.
Refusing to follow the lead established in Allsup, the court in Brown held:
 "This Circuit has generally relied on the trial court's discretion, absent clear abuse, in ruling on challenges for cause in the empanelling of a jury. . . . In order for a trial judge's determination of a juror's impartiality to be set, aside there must be shown `manifest' prejudice.
 "In Mikus v. United States, 433 F.2d 719 (1970), this court declined to find that certain occupations or relationships per se constituted grounds for a prospective juror's dismissal . . . The court chose not `to create a set of unreasonably constricting presumptions that jurors be excused for cause due to certain occupational or other special relationships which might bear directly or indirectly on the circumstances of a given case'. . . .
 "On these bases we choose not to follow United States v. Allsup, supra. Consistent with our decision in Mikus v. United States, supra, we do not wish to institute a series of presumptions of implied bias in other employment or familial relationships which might affect a juror's impartiality." 644 F.2d at 104-05.
The facts of the second case we refer to, United States v.Boyd, 446 F.2d 1267 (5th Cir. 1971), are strikingly similar to those now before us. In Boyd, the defendant was convicted of receiving stolen property. The property, consisting of two mechanic's tool boxes and the tools inside, was property of the United States and was stolen from an Air Force base. On appeal the defendant complained that certain prospective jurors who were employees of the Air Force base should have been excused for cause. In holding that the trial court had not committed error in overruling the defendant's motion to strike the court said:
 "[F]actors such as the size of the Base, any connection between the jurors and base security or the department from which the property was stolen, or their removability from employ would have a bearing on actual bias."
 "If it were established that the employees concerned had a closer connection to the circumstances of this prosecution than mere employment at the military base, a case of implied bias might be presented. But, on this record, we are unable to say that the District Court abused its discretion in refusing to strike the Base employees for cause." 446 F.2d at 1275.
The rationale employed by the federal courts in these opinions is not inconsistent with that enunciated by the courts in this state. Although § 12-16-150, Code 1975, enumerates grounds for disqualification of jury veniremen for cause, those grounds are not exclusive, and other grounds which indicate probable prejudice *Page 154 
will also disqualify. Motes v. State, 356 So.2d 712
(Ala.Cr.App.), cert. denied, 356 So.2d 720 (Ala. 1978). Broad discretion is vested with the trial court in determining whether or not to sustain challenges for cause. Brown v.Woolverton, 219 Ala. 112, 121 So. 404 (1928); Clendenon v.Yarbrough, 233 Ala. 269, 171 So. 277 (1936); Glenn v. State,395 So.2d 102 (Ala.Cr.App.) cert. denied, 395 So.2d 110 (Ala. 1980). On appeal, this Court will look to see if the trial court's discretion was properly exercised. Alabama Power Co. v.Henderson, 342 So.2d 323 (Ala. 1976); Collins v. State,385 So.2d 993 (Ala.Cr.App. 1979), reversed on other grounds,385 So.2d 1005 (Ala. 1980).
The record shows that the trial judge examined the prospective jurors and they all testified that their relationships and employment would not affect their decisions if they were selected to serve as jurors on the case and would not affect their ability to give the state and the defendant a fair and impartial trial. Evidently, the trial judge was satisfied that there was no cause to excuse the six prospective jurors for probable bias or prejudice. The decision of the trial court "on such questions is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion." Collinsv. State, supra, at 1000. We find here, as in Collins, "that the trial court exercised its discretion prudently."
We agree with the finding of the Court of Criminal Appeals that employment of prospective jurors by the victim, the School Board, does not constitute a basis for a challenge for cause in the prosecution of the accused for receiving stolen meat which was the property of the Mobile County School Board. The judgment is affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.