Elbert Dinkins appealed his conviction for possession of marijuana in the first degree. The Court of Criminal Appeals affirmed. 555 So.2d 1198. We granted certiorari review, and we now affirm.
The issue is whether the trial judge erred in refusing Dinkins's challenge of a prospective juror for cause. During voir dire of the venire, a venireman told the judge *Page 1314 
that he knew Dinkins from when he (the venireman) had taught school.
Dinkins, appearing pro se, challenged for cause, and the judge denied the challenge. As the venireman was leaving the bench, he stated to Dinkins, "If you had listened to me in school, you wouldn't be here today." Dinkins called the court's attention to the statement, and the judge questioned the venireman about the statement. This questioning consisted of asking him if he could render a fair verdict based upon the evidence. The venireman replied that he could, and the judge denied the challenge again. The defendant used a peremptory challenge to strike the venireman.
The qualification of a juror is a matter within the discretion of the trial court. Clark v. State, 443 So.2d 1287,1288 (Ala.Cr.App. 1983). The trial judge is in the best position to hear a prospective juror and to observe his or her demeanor. A trial judge's rulings on a juror's qualification are entitled to great weight on appeal and will not be disturbed unless clearly shown to be an abuse of discretion. Clark, at 1288. Here, the trial judge questioned the venireman, both before and after he had made the statement to Dinkins. At neither time did the venireman indicate that he could not render a verdict based upon the evidence. The trial judge was in the best position to observe the juror and his manner and to weigh his answers. There is no evidence that the trial judge abused his discretion. The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES and SHORES, JJ. concur.
HOUSTON, J., concurs in the result.