The appellant, Wade Allen Hartzog, appeals from the circuit court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1995 conviction for first-degree possession of marijuana. The appellant's conviction was affirmed by this Court in an unpublished memorandum. Hartzog v. State, 687 So.2d 225 (Ala.Cr.App. 1996) (table).
On August 27, 1997, the appellant filed the present Rule 32 petition, alleging (1) that his sentence was excessive; (2) that the trial judge made prejudicial statements that "tainted the fairness of the proceedings"; (3) that the state failed to establish exclusive possession of the controlled substance; (4) that he was the victim of selective prosecution; (5) that there was a material variance between the indictment and the evidence produced at trial; and (6) that he was denied the effective assistance of trial counsel. The appellant amended his petition to include allegations of ineffective assistance of appellate counsel. Specifically, he argued that appellate counsel was ineffective for failing to raise on direct appeal a claim of ineffective assistance of trial counsel.
In its response to the petition, the state argued that the claims were precluded from review because, it says, they either were, or could have been, raised at trial and on direct appeal. Rule 32.2(a)(2), (3), (4), and (5), Ala.R.Crim.P.
The court conducted an evidentiary hearing during which the appellant, represented by appointed counsel, presented evidence in support of his claims. The petition was denied after the hearing by a written order that stated: "Petition for Rule 32 denied." (C. 4, 143.)
The appellant maintains that the trial court erred in dismissing his petition without making specific findings of fact with regard to each claim presented in his petition.
Rule 32.9(d), Ala.R.Crim.P., requires that if an evidentiary hearing is conducted on a Rule 32 petition, "[t]he court shall make specific findings of fact relating to each material issue of fact presented." (Emphasis added.) Here, the trial court's order does not specify which of the many claims raised by the appellant were denied nor does it make any specific findings of fact with respect to any of these claims. "[A] statement of the basis of the trial court's decision is essential to afford the appellant due process." Owens v. State, 666 So.2d 31, 32 (Ala.Cr.App. 1994).
Accordingly, we must remand this cause to the trial court and instruct that court to enter an order specifying its reasons for denying the petition, whether procedural or on the merits, with respect to each of the grounds raised in the petition. We note that the appellant's claims of ineffective assistance of trial counsel and the claims concerning the underlying trial issues are precluded from review by Rule 32.2(a)(3) and (5), Ala.R.Crim.P.[1] *Page 463 
Thus, the trial court need not reach the merits of these particular claims and should state in its order that they are precluded. Because the appellant's claims of ineffective assistance of appellate counsel are reviewable in the present petition, the trial court shall make specific findings of fact relating to the merits of these claims in its order.
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[1] The appellant was convicted on May 5, 1995, before the Alabama Supreme Court overruled Ex parte Jackson, 598 So.2d 895
(Ala. 1992). See Ex parte Ingram, 675 So.2d 863 (Ala. 1996). The appellant had new counsel on appeal. His new counsel did not raise a claim of ineffective assistance of trial counsel in a motion for a new trial or on direct appeal. Thus, his claims of ineffective assistance of trial counsel were precluded by the provisions of Rule 32.2(a)(3) and (5), Ala.R.Crim.P., because they could have been raised at trial and on direct appeal, but were not. Alderman v. State, 647 So.2d 28 (Ala.Cr.App. 1994).