COBB, Judge.
Timothy Mock appeals from the circuit court’s denial of his Rule 82, Ala.R.Crim. P., petition for postconviction relief. The petition challenged his September 18,1998, conviction for murder and his sentence of life imprisonment. That conviction was based on a guilty plea. The instant petition was filed on June 21, 2000. After an evidentiary hearing, the trial court found that Mock had failed to offer any meaningful testimony regarding any of the issues he had raised, and it denied the petition.
In his Rule 32, Ala.R.Crim.P., petition, Mock argued: (1) that his statement was taken in violation of his Miranda rights, (2) that his plea of guilty was unlawfully induced and was not made voluntarily, (3) that the conviction was obtained by the use of evidence seized as the result of an unlawful arrest, (4) that the court was without jurisdiction to render a judgment because the district attorney’s office never gave Mock proper notice of its intent to see him sentenced as an habitual felony offender, (5) that the sentence imposed was not authorized by law because the court misinformed him of the possible sentences and, thus, he was not informed of the correct minimum and maximum sentence he could receive, (6) that the trial court failed to inform him of his right to appeal and that the court’s failure caused him to fail to appeal within the prescribed time, and (7) that he was denied effective assistance of counsel.
On appeal, Mock contends: (1) that the trial court erred in refusing to appoint counsel for him at the evidentiary hearing on the Rule 32 petition, (2) that the trial court erred by not making specific findings as to each material issue raised in the Rule 32 petition, (3) that his trial counsel was ineffective and failed to inform him of his right to appeal, and (4) that his plea had not been given voluntarily, knowingly, and intelligently.
The State agrees that, while the circuit court made findings of fact as to several issues in its order denying Mock’s Rule 32 petition, it failed to enter specific findings of fact regarding issues it found to be without merit. When a circuit court states that a Rule 32 petition is being disposed of on the merits, it must provide specific findings of fact to support the decision. Rule 32.9(d), Ala.R.Crim.P., requires that if an evidentiary hearing is conducted on a Rule 32 petition, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.” “[A] statement of the basis of the trial court’s decision is essential to afford the appellant due process.” Harkzog v. State, 733 So.2d 461, 462 (Ala.Crim.App.l997)(quoting Owens v. State, 666 So.2d 31, 32 (Ala.Crim.App.1994)).
The record before us does not contain the guilty-plea form; thus we are unable to determine whether Mock was advised of the sentencing range and the *782 nature of the offense. Therefore, we must remand this case to the circuit court for that court to make specific findings of fact concerning (1) Mock’s claim that his plea was not voluntary because he was not advised of the proper range of punishments he could receive, Burns v. State, 778 So.2d 246 (Ala.Crim.App.2000); Martin v. State, 687 So.2d 1253 (Ala.Crim.App.1996); (2) Mock’s claim that he was not advised of the nature of the offense and the material elements of the offense for which he pleaded guilty; (3) his claim that his counsel did not effectively advise him of the consequences of his plea and did not make him aware of the minimum and maximum sentences he was facing; and (4) his claim that he was not competent to enter a plea of guilty.[1] The circuit court should make specific determinations as to each of these claims.
On remand, the circuit court may consider the pleadings filed by the parties, including the transcript of the plea colloquy, any affidavits submitted, the Rule 32 petition, and testimony that was presented at the hearing. If the same judge who presided over the guilty-plea proceeding and the Rule 32 proceeding presides on remand, the circuit court may dispose of these claims by issuing written findings of fact based on the record and on the judge’s personal recollection. The circuit court should include as part of the record any additional transcripts or affidavits that it uses in reaching its determination. If necessary, the circuit court may hold an evi-dentiary hearing pursuant to Rule 32.9, Ala.R.Crim.P. If a hearing is held, the circuit court should include a copy of the hearing transcript in its return to this Court. A return to remand shall be filed within 42 days of this opinion.
We pretermit discussion of the remaining issues until the return to remand is filed.
REMANDED WITH DIRECTIONS.*
McMILLAN, PH., and BASCHAB, SHAW, and WISE, JJ., concur.

. Mock did not raise this issue in his petition, but the circuit court allowed him to raise it and argue it at the hearing on his petition, preserving it for appellate review. Mock raised this issue again on appeal.

 Note from the reporter of decisions: On June 22, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.