SHAW, Judge.
John Edward Saffo appeals the circuit court’s summary. denial of his Rule 32, Ala.R.Crim.P., p.etition for postconviction relief, in which he attacked his January 14, 2002, guilty-plea conviction for murder and his resulting sentence.of 20 years’ imprisonment. He did not appeal.
Saffo filed his petition on June 24, 2003, raising numerous claims. In his petition, Saffo alleged, among other things, that -he failed, to appeal his conviction through no fault of his own. He maintained that neither the trial court nor his trial counsel informed him of his right to appeal and that although he informed trial counsel after his conviction that he wanted either to withdraw his plea or to appeal his .conviction, trial counsel told him that he could not appeal and counsel then failed to perfect an appeal. According to Saffo, the trial court’s failure to inform him of his right to appeal combined with trial counsel’s statement and failure to perfect an appeal led him to believe that, he had no right to appeal and, therefore, his failure to appeal was not his fault.[1]
*993 On September 12, 2003, the State filed a response to Saffo’s petition; it attached to its response an affidavit from Saffo’s trial counsel. On September 15, 2003, the circuit court summarily denied Saffo’s petition.
Although in his affidavit trial counsel stated that he never told Saffo that Saffo could not appeal, trial counsel did not address Saffo’s allegation that he did not perfect an appeal despite Saffo’s wishes that he do so. In addition, the record before this Court does not contain the Ireland form[2] or a transcript of the guilty-plea colloquy, and the State did not otherwise refute Saffo’s allegation that the trial court never informed him of his right to appeal. “ ‘When the State does not respond to a petitioner’s allegations, the un-refuted statement of facts must be taken as true.’ ” Bates v. State, 620 So.2d 745, 746 (Ala.Crim.App.1992), quoting Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App.1991). Therefore, Saffo’s allegations in this regard must be accepted as true. Moreover, the circuit court, although finding that Saffo’s petition “lack[ed] merit,” did not specifically address Saffo’s allegations regarding his failure to appeal. See, e.g, Mock v. State, 805 So.2d 780, 781 (Ala.Crim.App.2001)(“When a circuit court states that a Rule 32 petition is being disposed of on the merits, it must provide specific findings of fact to support the decision.”).
Accordingly, we must remand this cause for the circuit court to address the merits of Saffo’s claim that he failed to appeal through no fault of his own and to issue specific written findings of fact in this regard. On remand, the circuit court may require the State to specifically respond to Saffo’s claim, and, if necessary, it may conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.7(a) and Rule 32.9(a). Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court’s written findings; the State’s response, if one is filed; a transcript of the proceedings conducted on remand, if any are conducted, and any other evidence accepted by the court; a transcript of the guilty-plea colloquy; and a copy of the Ireland form. We pretermit discussion of Saffo’s other issues pending the circuit court’s return to our remand order.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. We note that the State argues that this claim, as well as Saffo’s other claims, are time-barred by the one-year limitations period in Rule 32.2(c), Ala.R.Crim.P. Although Saffo filed his petition after Rule 32.2(c) was amended to provide for a one-year limitations period, his triggering date for determining the appropriate limitations period was February 25, 2002, 42 days after his plea. Therefore, Saffo had until August 1, 2003, to timely file his petition.

. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).