COBB, Judge.
On November 17, 2000, Dee Cee Skinner was convicted of attempted unlawful distribution of a controlled substance. On December 13, 2000, the trial court sentenced him, as a habitual offender with two prior felonies, to 20 years in prison. See § 13A- *1174 5 — 9(b)(2), Ala.Code 1975. It also enhanced his sentence by five years because the attempted sale took place within three miles of a school and an additional five years because the attempted sale took place within three miles of a public housing project. See §§ 18A-12-250 and 13A-12-270, Ala.Code 1975. His conviction was affirmed on direct appeal. See Skinner v. State, 843 So.2d 820 (Ala.Crim.App.2002). The certificate of judgment was issued on August 30, 2002. On March 19, 2003, Skinner filed his first Rule 32, Ala. R.Crim. P., petition, challenging his conviction. The circuit court’s summary dismissal of that petition was affirmed on appeal, by an unpublished memorandum. See Skinner v. State (CR-02-1927, November 21, 2003), 897 So.2d 1253 (Ala.Crim.App.2003)(table).
Skinner filed a second petition on December 8, 2003. On April 22, 2005, this Court released an unpublished memorandum affirming the circuit court’s denial of the petition. See Skinner v. State (No. CR-03-1882, April 22, 2005), 926 So.2d 1081 (Ala.Crim.App.2005)(table). Skinner claimed in his second petition that the trial court did not have jurisdiction to impose sentence under the Habitual Felony Offender Act (“the HFOA”), because two prior California felony convictions — burglary in the first degree, superior court[1] no. 237523, and burglary in the second degree, superior court case no. 238385— used to enhance his sentence were invalid for sentence-enhancement purposes, and thus, that his sentence as a habitual felon with two prior convictions was illegal. This Court determined that the first-degree-burglary conviction was valid for use under the HFOA. This Court determined that the second-degree-burglary conviction was invalid for sentence-enhancement purposes under the HFOA because it had been reversed in an unpublished California appellate court memorandum. People v. Skinner, (No. F011958, February 27, 1990). Nevertheless, this Court affirmed the circuit court’s denial of the second Rule 32 petition because the record on direct appeal disclosed that the sentencing court also had before it at sentencing evidence of a conviction for receiving stolen property — also case no. 238385. The sentencing court commented after hearing arguments and after reviewing the documents that Skinner would be sentenced as a habitual felon with two prior felonies because, according to the sentencing court, Skinner had “at least” two prior felonies. (Record on direct appeal R. 190.) Thus, this Court affirmed the circuit court’s denial of relief.
In the instant petition, Skinner’s third, filed on December 15, 2005, Skinner claims as a jurisdictional defect exempt from procedural bars, that his sentence is beyond the maximum legal sentence allowed by law. According to Skinner, the State used an invalid California conviction, receiving stolen property case no. 238385, to enhance his sentence pursuant to the HFOA. Skinner claims that this conviction could not be used to enhance his sentence because his conduct underlying that conviction would constitute a mere misdemeanor[2] under Alabama law. Skinner specifically asserts that the conduct forming the basis for that offense was the possession of stolen property valued at less than $100, which constituted a misdemeanor in Alabama in 1988.[3] Moreover, *1175 he claims that at his sentencing hearing, he did not realize, as this Court surmised in its April 22, 2005, memorandum addressing Skinner’s second Rule 32 petition, that the trial court had relied on the receiving-stolen-property conviction to enhance his sentence. He claimed that had he understood that the sentencing court was using that conviction he would have objected and argued that the offense underlying that conviction was not a felony in Alabama.
After receipt of the State’s motion to dismiss, the circuit court entered a written order denying relief on the grounds that this was a successive petition, Rule 32.2(b), Ala.Code 1975, and finding that this court had discussed the receiving-stolen-property conviction “at length” in its April 22, 2005, unpublished memorandum. (CR. 52.)
Skinner appeals from that ruling, reiterating the claim raised in his petition.
In reviewing the circuit court’s denial of Skinner’s petition, we will affirm the judgement of the circuit court “[i]f the circuit court is correct for any reason, even though it may not be the stated rea-son_ See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999); see also Ex parte City of Fairhope, 739 So.2d 35, 39 (Ala.1999).
This Court’s memorandum of April 22, 2005, did not address the issue now before the Court. Moreover, this is a jurisdictional challenge exempt from the bar against successive petitions. Jurisdictional claims are “not precluded by the limitations period or by the rule against successive petitions.” Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App.1998). A challenge to the use of a prior conviction from another jurisdiction to enhance a sentence under the HFOA on the grounds that the prior conviction arose from conduct that was not a felony in Alabama is a jurisdictional issue challenging the legality of the sentence. Carter v. State, 853 So.2d 1040 (Ala.Crim.App.2002); Bell v. State, 845 So.2d 856 (Ala.Crim.App.2002). “ ‘Matters concerning unauthorized sentences are jurisdictional.’ ” Foster v. State, 844 So.2d 625, 626 ' (Ala.Crim.App.2002)(quoting Hunt v. State, 659 So.2d '998, 999 (Ala.Crim.App.1994)). Skinner has sufficiently pleaded a jurisdictional challenge, “ ‘which, if true, entitle[s] the petitioner to relief.’ ” Boyd v. State, 913 So.2d 1113, 1125 (Ala.Crim.App.2003)(quoting Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993)). Skinner’s claim was not refuted by the State. “‘“When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true.” ’ ” Saffo v. State,i 892 So.2d 992, 993 (Ala.Crim.App.2004)(quoting Bates v. State, 620 So.2d 745, 746 (Ala.Crim.App. 1992), quoting in turn Smith v. State, 581 So.2d 1283,1284 (Ala.Crim.App.1991)).
“It is well settled that ‘[i]n determining whether an out-of-state conviction will be used to enhance punishment pursuant to the HFOA, the conduct upon which the foreign conviction is based must be considered and not the foreign jurisdiction’s treatment of that conduct.’ Daniels v. State, 621 So.2d 335, 342 (Ala. Crim.App.1992). However, ... whether the conduct upon which the foreign conviction was based constituted a felony in Alabama at the time the conduct occurred is irrelevant. Rather, pursuant to Rule 26.6(b)(3)(iv), Ala.R.Crim.P., the proper inquiry is whether the conduct *1176 upon which the foreign conviction was based would have been a felony in Alabama had it been committed on or after January 1, 1980. Rule 26.6(b)(3)(iv) specifically provides:
“ ‘Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-l-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980; and further, a conviction of a crime against the United States shall be considered to be a felony conviction if that crime is punishable by imprisonment in excess of one (1) year under federal law, and was so punishable at the time of its commission, even if the conduct made the basis of that conviction would not be punishable under Alabama law.’
“(Emphasis added.) As the Alabama Supreme Court noted in Thompson v. State, 525 So.2d 820 (Ala.1985), when discussing the predecessor to Rule 26.6(b)(3)(iv):
‘“By adopting Temporary Rule 6, [the predecessor to Rule 26.6(b)(3)(iv), Ala.R.Crim.P.,] this Court placed emphasis on the “conduct” made the basis of the prior conviction, rather than where it occurred, or when it occurred. This Court, therefore, made the triggering mechanism not whether another jurisdiction might have punished the prior offense by imprisonment for more than one year, but whether Alabama considered the prior “conduct” so blameworthy as to merit more than one year’s imprisonment. The wording of the rule, therefore, has the following effect: (1) A conviction for an “offense” committed in Alabama prior to January 1, 1980, or after January 1, 1980, for that matter, punishable by a sentence of more than one year, is a “felony conviction”; thus, the fact that a defendant was convicted in Alabama and received a sentence of more than a year would necessarily mean that the prior conviction is a “prior felony”; (2) A conviction in any other jurisdiction, at any time, for a criminal act punishable in the other jurisdiction by a sentence exceeding one year, however, is not a “felony conviction” unless the act “would have been” punishable under our own criminal laws on or after January 1, 1980, by a sentence exceeding one year. ’
“525 So.2d at 826 (some emphasis in original; some emphasis added).”
Ginn v. State, 894 So.2d 793, 800 (Ala.Crim.App.2004)(footnote omitted).
On January 1, 1980, the effective date of the Alabama Criminal Code, receiving stolen property was defined as follows:
“§ 13A-8-19. Receiving stolen property in the third degree.
“(a) Receiving stolen property which does not exceed $100.00 in value constitutes receiving stolen property in the third degree.
“(b) Receiving stolen property in the third degree is a Class A misdemeanor.”
“§ 13A-8-18. Receiving stolen property in the second degree.
“(a) Receiving stolen property:
“(1) Which exceeds $100 in value but does not exceed $1,000 in value; or
*1177 “(2) Of any value under the circumstances described in subdivision (b)(3) of section 13A-8-16; [constitutes receiving stolen property in the second degree.]
“(b) Receiving stolen property in the second degree is a Class C felony.”
“§ 13A-8-17. Receiving stolen property in the first degree.
“(a) Receiving stolen property which exceeds $1,000.00 in value constitutes receiving stolen property in the first degree.
“(b) Receiving stolen property in the first degree is a Class B felony.”
Those subsections remained unchanged until 2003.[4] Thus, in 1980 Alabama defined receipt of stolen property valued at less than $100.00 to be a misdemeanor.
The conduct underlying Skinner’s charge of receiving stolen property in California (no. 238385) is found in the unpublished memorandum issued by the Court of Appeal of the State of California Fifth Appellate District (No. F011958, February 27, 1990), which is attached as exhibit D to Skinner’s second Rule 32 petition (CR-03-1882). The memorandum discloses that Skinner and two others were involved in the burglary of a home. Jewelry, a jewelry box, a VCR, a telephone-answering machine, and a pillowcase were taken. Some of the jewelry was discarded, some of the jewelry was pawned, and some of the jewelry and the jewelry box were traded for “one big rock and some smaller chips of cocaine.” (Record from second Rule 32 (CR-03-1882) at CR. 113.) The VCR was sold for “cocaine valued at $70.” (Record from second Rule 32 (CR-03-1882) at CR. 113.) However, whether Skinner was in possession of stolen property with a value greater than $100 was not discussed in that memorandum.
In light of the foregoing, we reverse the circuit court’s denial of Skinner’s third Rule 32, Ala. R.Crim. P., petition and remand with directions to the circuit court to grant Skinner “an opportunity, as provided in Rule 32.9, Ala. R.Crim. P.,” to prove wither the underlying conduct for Skinner’s California conviction would have been a felony under Alabama law in 1988. Boyd v. State, 913 So.2d 1113, 1125 (Ala.Crim.App.2003). Due return shall be filed with this Court no later than 77 days from the date of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.REVERSED AND REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

. The equivalent of Alabama's circuit court.

. Section 13A-l-2(8) defines a felony as "[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title."

.The offense was committed in 1988. Skinner was not convicted until 1989. The law in effect at the time of the commission of the offense controls the prosecution. See Minni-field v. State, 941 So.2d 1000 (Ala.Crim.App. *1175 2005); Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App. 1990); Hardy v. State, 570 So.2d 871 (Ala.Crim.App. 1990); and Jefferson v. City of Birmingham, 399 So.2d 932 (Ala. Crim.App.1981). But see Rule 26.6(b)(3)(iv), Ala. R.Crim. P., discussed infra.

. It was not until the 2003 amendment, effective September 1, 2003, that subsection (a) of receiving stolen property in the third degree was amended to substitute $500.00 for $100.00. § 13A-8-19, Ala.Code 1975, Code Commissioner's History, Amendment notes.

 Note from the reporter of decisions: On September 14, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.