WISE, Presiding Judge.
The appellant, Charles Lee McGowan, was convicted of murder, a violation of § 13A-6-2(a)(l), Ala.Code 1975. The trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See § 13A-5-9(c), Ala.Code 1975. McGowan did not file any posttrial motions. This appeal followed.
I.
McGowan argues that the trial court erroneously granted the State’s challenge for cause of Veniremember E.J. During the voir dire proceedings, the following occurred:
“[PROSECUTOR]: So as a wrap-up question, is there any reason anybody can think of they couldn’t be fair and impartial, other than the people that have answered some things in private they need to talk about, you couldn’t be fair and impartial, or there’s something else you need to say? Yes, ma’am?
“[VENIREMEMBER E.J.]: .... I know you hadn’t asked the question.
“[PROSECUTOR]: Yes, ma’am.
“[VENIREMEMBER E.J.]: But I have a question. I wouldn’t like to appear on a murder case.
“[PROSECUTOR]: You would?
“[VENIREMEMBER E.J.]: I wouldn’t like to be involved in a murder case.
“[PROSECUTOR]: Uh-huh.
“[VENIREMEMBER E.J.]: And I don’t know if I could be excused from that, because I guess I could give a fair judgment if I had to, but personal and I don’t know if you have asked it or but myself personal, I would not like to be on a murder case.
“[PROSECUTOR]: Well, we ask the question about whether or not anybody *919 had any religious reasons that would keep you from being on it. Occasionally somebody will say, well, because of my religion I feel that I couldn’t in essence sit in judgment of my fellow man. Do you have a religious—
“[VENIREMEMBER E.J.]: I can’t say my religion, but then maybe this is part of it, because I would not like to be the one to judge someone else, you know, I just in a murder trial. I just wouldn’t — I don’t feel comfortable with it. And I’m just being honest with you about it.
“[PROSECUTOR]: Oh, that’s what we want.
“[VENIREMEMBER E.J.]: Like I said, you might not ask the question, but that’s how I feel personal.
“[PROSECUTOR]: And probably a lot of people wouldn’t want to sit on a murder case. But what is it and if you want to answer in private, you can, but if you can just stand back up so the court reporter can hear it and I will get out of her way.
“What is it about serving on a mui’der case that would make you uncomfortable?
“THE COURT: [Veniremember E.J.], if you would stand up again. Thank you.
“[VENIREMEMBER E.J.]: .... I just I wouldn’t feel right by sentencing — and, like you said, this is circumstantial evidence.
“[PROSECUTOR]: Yes, ma’am.
“[VENIREMEMBER E.J.]: This is something that didn’t no one see. This is something you just trying to gather up evidence for no, no, no.
“[PROSECUTOR]: That’s not exactly the way it goes.
“[VENIREMEMBER E.J.]: I might be saying the wrong thing. I might be wording this wrong. But you say it’s circumstantial. And it’s a difference maybe if someone say, well, I saw. And maybe I can say, well, yeah, I — you know, that’s true. But then I know myself personal. I really even if you know, someone had saw this, you know, a witness, I still I just don’t want to be on a murder case. It’s just something I’ve always felt like I don’t and I can’t pin it on anything but, you know, you’re asking us to be honest.
“[PROSECUTOR]: Yes, ma’am.
“[VENIREMEMBER E.J.]: So I am being honest.
“[PROSECUTOR]: And I know you’re saying you don’t want to be.
“[VENIREMEMBER E.J.]: Yes.
“[PROSECUTOR]: But it also sounds like you’re saying you don’t think you could really and truly put those feelings aside?
“[VENIREMEMBER E.J.]: Yes. And I don’t want to be a drag to the jury saying please don’t.
“THE COURT: Let me do this for you. This may help. This is the oath if anyone is selected to be a juror, this is the oath that you will have to take. And it is,
“ ‘Do you and each of you solemnly swear or affirm that you will well and truly try the issues joined between the State of Alabama and this defendant and a true verdict render according to the law and the evidence.’
“That’s what your oath will have to be if you sit on this jury.
“[VENIREMEMBER E.J.]: The only thing I can say I will do the best I can, but that’s—
“[PROSECUTOR]: You just keep shaking your head when you say that, and it seems—
*920 “[VENIREMEMBER E.J.]: I know. I’m trying to be real honest.
“[PROSECUTOR]: That’s fine. We want to hear it. Like you said, we don’t want somebody who’s going to, as you say, be a drain on the jury, or know that you have such strong feelings about this and you feel like you couldn’t be totally fair?
“[VENIREMEMBER E.J.]: I don’t know.
“[PROSECUTOR]: Let the record reflect she’s shaking her head and said, T don’t know, I don’t know.’
“[VENIREMEMBER E.J.]: I really don’t, because I really don’t want to be on a murder case.
“THE COURT: [Veniremember E.J.], I think we’ve probably gone about as far as we can on that. So rather than us get into any more detail, let’s move on.”
(R. 150-54.)
Subsequently, the State challenged Veniremember E.J. for cause, and the following occurred:
“[PROSECUTOR]: ... 33 is [Venire-member E.J.], who doesn’t think much of circumstantial evidence and feels like she would have a really hard time.
“THE COURT: And she doesn’t want to be — she’s the one that doesn’t want to be on a murder case.
“[PROSECUTOR]: Yeah.
“THE COURT: [Defense counsel], what do you say about that?
“[DEFENSE COUNSEL]: Judge, I know she said she didn’t want to be on it, but I don’t know if it rises to the level of cause.
“THE COURT: Well, I think it does. I’m going to grant 33.”
(R. 181.)
“The trial judge is given much discretion in determining whether a potential juror should be struck for cause. According to Rule 18.4(e), Ala. R.Crim. P.:
“ ‘When a prospective juror is subject to challenge for cause or it reasonably appears that the prospective juror cannot or will not render a fair and impartial verdict, the court, on its own initiative or on motion of any party, shall excuse that juror from service in the case.’
“Although § 12-16-150, Ala.Code 1975, lists 12 ‘good ground[s] for challenge of a juror by either party,’ the trial judge may remove a potential juror if probable prejudice exists, even if none of the statutory grounds apply. Motes v. State, 356 So.2d 712, 718 (Ala.Cr.App.1978). The trial judge’s discretion, however, is not unlimited. This Court stated in Clark v. State, 621 So.2d 309, 321 (Ala.Cr.App.1992):
“ ‘[W]hile the statutory grounds for challenges of jurors for cause enumerated in § 12-16-150, Code of Alabama 1975, are not all inclusive, there must be some ground that indicates probable prejudice in order to disqualify a prospective juror. Collins v. State, 385 So.2d 993, 999-1000 (Ala.Cr.App.1979), reversed on other grounds, 385 So.2d 1005 (Ala.1980). Where the ground is nonstatutory, it must be “some matter which imports absolute bias or favor, and leaves nothing to the discretion of the trial court.” Nettles v. State, 435 So.2d 146, 149 (Ala.Cr.App.), affirmed, 435 So.2d 151 (Ala.1983)....’
“Furthermore, in order to determine whether the trial judge’s exercise of discretion was proper, this Court will look to the questions directed to and answers given by the prospective juror on voir dire. Ex parte Cochran, 500 So.2d 1179 (Ala.1985).”
*921 Holliday v. State, 751 So.2d 533, 535 (Ala.Crim.App.1999). Additionally, “ ‘[t]he trial judge is in the best position to hear a prospective juror and to observe his or her demeanor.’ ” McNair v. State, 653 So.2d 320, 324 (Ala.Crim.App.1992) (quoting Ex parte Dinkins, 567 So.2d 1313, 1314 (Ala.1990)). Finally,
“[t]he test for determining whether a strike rises to the level of a challenge for cause is ‘whether a juror can set aside their opinions and try the case fairly and impartially, according to the law and the evidence.’ Marshall v. State, 598 So.2d 14, 16 (Ala.Cr.App.1991). ‘Broad discretion is vested with the trial court in determining whether or not to sustain challenges for cause.’ Ex parte Nettles, 435 So.2d 151,153 (Ala.1983). ‘The decision of the trial court “on such questions is entitled to great weight and will not be interfered with unless clearly erroneous, equivalent to an abuse of discretion.” ’ Nettles, 435 So.2d at 153.”
Dunning v. State, 659 So.2d 995, 997 (Ala.Crim.App.1994).
Although Veniremember E.J. initially stated that she “guess[ed] [she] could give a fair judgment if [she] had to,” she also indicated that she did not want to serve on a murder case, that she would not like to be the one to judge someone else, and that she would not “feel right by sentencing.” She further indicated that she would have a problem with circumstantial evidence. Finally, Veniremember E.J. ultimately stated that she did not know if she could set aside her feelings and be totally fair. Based on Veniremember E.J.’s responses during the voir dire proceedings, the trial court’s granting of the State’s challenge for cause was not clearly erroneous. Therefore, McGowan’s argument is without merit.
II.
McGowan also argues that the trial court erroneously found that he had at least three prior felony convictions for purposes of enhancing his sentence pursuant to the Habitual Felony Offender Act (“the HFOA”) set forth in § 13A-5-9, Aa.Code 1975. Specifically, he contends that only two of the prior convictions were valid convictions pursuant to the HFOA. At sentencing, the State introduced five exhibits into evidence. State’s Exhibit # 1 was a certified copy of McGowan’s 1988 Illinois conviction for robbery. State’s Exhibit # 2 was a certified copy of McGowan’s 1989 Illinois conviction for receiving, possessing, or selling a stolen vehicle. State’s Exhibit # 3 was a certified copy of McGowan’s 1992 Wisconsin convictions for battery as a habitual offender, criminal damage to property as a habitual offender, and criminal trespass to a dwelling as a habitual offender. State’s Exhibit # 4 was a certified copy of McGowan’s 1993 Wisconsin conviction for battery as a habitual offender. State’s Exhibit # 5 was a certified copy of McGowan’s 1995 Wisconsin conviction for aggravated battery as a habitual offender.
A.
Initially, McGowan contends that the trial court should not have considered his Wisconsin convictions set forth in State’s Exhibits # 3 and # 4. The certified copies of the convictions in State’s Exhibits # 3 and # 4 indicate that McGowan entered pleas of “no contest” in those cases. Therefore, those convictions could not properly be used to enhance McGowan’s sentence. See Buckner v. State, 632 So.2d 974 (Ala.Crim.App.1993).
B.
McGowan also contends that the trial court should not have considered his *922 Illinois conviction for receiving, possessing, or selling a stolen vehicle. Specifically, he asserts that the State did not prove that the conduct that formed the basis for that conviction would have constituted a felony in Alabama because the State did not prove the value of the stolen vehicle in that case.
“In Alabama, the State bears the burden of proving the existence of prior felony convictions for enhancement under the HFOA. See Tyler v. State, 683 So.2d 1062 (Ala.Crim.App.1995), aff'd, 683 So.2d 1065 (Ala.1996); Reynolds v. State, 615 So.2d 94 (Ala.Crim.App.1992); and Meadows v. State, 473 So.2d 582 (Ala.Crim.App.1985). Rule 26.6(b)(3)(iii), Ala. R.Crim. P., provides:
“ ‘At the [sentencing] hearing, the burden of proof shall be on the state to show that the defendant has been convicted of a previous felony or felonies. Evidence may be presented by both the state and the defendant as to any matter the court deems relevant to the application of the law. In determining disputed facts, the court shall use the standard of proof beyond a reasonable doubt. If at the hearing the defendant disputes any conviction presented by the state, the court may allow the state to present additional evidence of the disputed conviction, either by way of rebuttal or at a future time to be set by the court. If the state fails to meet its burden of proof to establish one or more prior felony convictions, then the defendant shall not be sentenced as an habitual offender.’ ”
Ginn v. State, 894 So.2d 793, 798 (Ala.Crim.App.2004).
“ ‘It is well settled that [i]n determining whether an out-of-state conviction will be used to enhance punishment pursuant to the HFOA, the conduct upon which the foreign conviction is based must be considered and not the foreign jurisdiction’s treatment of that conduct.’ Daniels v. State, 621 So.2d 335, 342 (Ala.Crim.App.1992). However, ... whether the conduct upon which the foreign conviction was based constituted a felony in Alabama at the time the conduct occurred is irrelevant. Rather, pursuant to Rule 26.6(b)(3)(iv), Ala. R.Crim. P., the pi’oper inquiry is whether the conduct upon which the foreign conviction was based would have been a felony in Alabama had it been committed on or after January 1, 1980. Rule 26.6(b)(3)(iv) specifically provides:
“ ‘ “Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-l-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980; and further, a conviction of a crime against the United States shall be considered to be a felony conviction if that crime is punishable by imprisonment in excess of one (1) year under federal law, and was so punishable at the time of its commission, even if the conduct made the basis of that conviction would not be punishable under Alabama law.” ’
“(Emphasis added.)
[[Image here]]
“On January 1, 1980, the effective date of the Alabama Criminal Code, receiving stolen property was defined as follows:
*923 “ ‘§ 13A-8-19. Receiving stolen property in the third degree.
“‘(a) Receiving stolen property which does not exceed $100.00 in value constitutes receiving stolen property in the third degree.
“ ‘(b) Receiving stolen property in the third degree is a Class A misdemeanor.’
‘“§ 13A-8-18. Receiving stolen property in the second degree.
“ ‘(a) Receiving stolen property:
“ ‘(1) Which exceeds $100 in value but does not exceed $1,000 in value; or
“ ‘(2) Of any value under the circumstances described in subdivision (b)(3) of section 13A-8-16;
“[constitutes receiving stolen property in the second degree.]
“ ‘(b) Receiving stolen property in the second degree is a Class C felony.”
“ ‘§ 13A-8-17. Receiving stolen property in the first degree.
“‘(a) Receiving stolen property which exceeds $1,000.00 in value constitutes receiving stolen property in the first degree.
“ ‘(b) Receiving stolen property in the first degree is a Class B felony.’
“Those subsections remained unchanged until 2003.4 Thus, in 1980 Alabama defined receipt of stolen property valued at less than $100.00 to be a misdemeanor.
“The conduct underlying Skinner’s charge of receiving stolen property in California (no. 238385) is found in the unpublished memorandum issued by the Court of Appeal of the State of California Fifth Appellate District (No. F011958, February 27, 1990), which is attached as exhibit D to Skinner’s second Rule 32 petition (CR-03-1882). The memorandum discloses that Skinner and two others were involved in the burglary of a home. Jewelry, a jewelry box, a VCR, a telephone-answering machine, and a pillowcase were taken. Some of the jewelry was discarded, some of the jewelry was pawned, and some of the jewelry and the jewelry box were traded for ‘one big rock and some smaller chips of cocaine.’ (Record from second Rule 32 (CR-03-1882) at CR. 113.) The VCR was sold for ‘cocaine valued at $70.’ (Record from second Rule 32 (CR-03-1882) at CR. 113.) However, whether Skinner was in possession of stolen property with a value greater than $100 was not discussed in that memorandum.
Skinner v. State, 987 So.2d 1172, 1175-77 (Ala.Crim.App.2006).
During the sentencing hearing in this case, the following occurred:
“[PROSECUTOR]: The next one. State’s Exhibit 2. This was the 1989 conviction also out of Cook Countyf, Illinois]. This one is a little bit harder for me to discern exactly how this would be treated here. It appears to be certainly a receiving stolen property case. And I would submit that it would qualify as a receiving stolen property 2nd degree in Mobile.
[[Image here]]
“In this one, he is charged with not being entitled to the possession of a motor vehicle, to-wit, a 1985 Oldsmobile, the property of Helen Hadley. Pos *924 sessed it knowing it to have been stolen, in violation of the applicable statute.
“So this was a 1985 Oldsmobile. And the case started in ‘89. So even though it does not specifically state a value, I think it could be reasonably assumed that that would meet the criteria for a felony.
“THE COURT: In Alabama, that would be between $500 and $2,500; is that correct? [1]
“[PROSECUTOR]: I believe that’s right, Judge.
[[Image here]]
“[DEFENSE COUNSEL]: Judge, we would object. There’s nothing in here regarding the condition of this motor vehicle. There’s nothing in here stating the value of the motor vehicle. We don’t know if this was a damaged vehicle. And I don’t think the State has proven that it was worth $500. There’s nothing in there of value, therefore, I don’t think they have proven this as a felony in the State of Alabama.
“THE COURT: And the Court will acknowledge that that information is not present. The sentence in this case was for three years; is that correct?
“[PROSECUTOR]: Yes, sir.
“THE COURT: And while that may or may not tell us all we need to know. Was he treated as a habitual offender at that time?
“[PROSECUTOR]: Yes, sir, I do believe so.
“THE COURT: It would certainly indicate that it would have been treated as a felony in the State of Alabama.
“[PROSECUTOR]: It says the defendant was convicted in ‘88 of robbery due to his prior record and his attempt to flee the police. He should not be considered for early release. So, yes, he was.
“THE COURT: The Court will consider it at this time to be a felony, and I will look at it when we look through all of them to determine whether I can disregard that one or not.
“[DEFENSE COUNSEL]: Judge, and just to make sure my objection is clear. We would argue that, even though they may have determined that to be the law in Illinois, for sentencing it would be the law in the State of Alabama. And we don’t think that that meets a felony in the State of Alabama without a value.
“THE COURT: And the Court will take that into consideration. It may be one that I may disregard at a later time.
“[DEFENSE COUNSEL]: Yes, Your Honor.”
(R. 570-73.) Later, the trial court indicated that it was considering McGowan’s conviction for receiving, possessing, or selling a stolen vehicle to be a Class C felony.
The documents regarding McGowan’s Illinois conviction for receiving, possessing, or selling a stolen vehicle did not include any information regarding the value of the stolen vehicle. Also, the State did not present any evidence regarding the *925 value of the stolen vehicle. Rather, it relied on a mere assumption to support its contention that the conviction would have constituted a felony in Alabama. Therefore, the State did not satisfy its burden of proving beyond a reasonable doubt that McGowan’s Illinois conviction for receiving, possessing, or selling a stolen vehicle would have constituted a felony in Alabama. Finally, the fact that McGowan received a three year sentence in that case and the fact that Illinois treated him as a habitual offender in that case was irrelevant in determining whether the offense would have constituted a felony in Alabama. Accordingly, the trial court improperly used that conviction to enhance McGowan’s sentence.
For the above-stated reasons, we affirm McGowan’s conviction. However, we remand this case with instructions that the trial court set aside McGowan’s sentence of imprisonment for life without the possibility of parole and resentence McGowan without consideration of the Wisconsin convictions set forth in State’s Exhibits # 3 and # 4 and without consideration of the Illinois conviction for receiving, possessing, or selling a stolen vehicle set forth in State’s Exhibit #2. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include a transcript of the new sentencing hearing.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCE.*
WINDOM, KELLUM, and MAIN, JJ„ concur. WELCH, J., concurs in the result.

. During sentencing, the parties relied on the threshold values set forth in the receiving stolen property statutes as amended in 2003. However, "Rule 26.6(b)(3)(iv) specifically provides that if the conduct forming the basis of the foreign conviction would have constituted a felony had it taken place in Alabama 'on or after January 1, 1980,’ then the foreign conviction is considered to be a felony conviction for purposes of the HFOA. Nothing in the rule requires that the conduct constitute a felony continuously from January 1, 1980, to the present.” Ginn v. State, 894 So.2d 793, 801 (Ala.Crim.App.2004). Therefore, the State was required to prove only that the value of the stolen vehicle exceeded $100 to prove that the offense constituted a felony in Alabama.

 Note from the reporter of decisions: On January 14, 2011, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 6, 2011, that court denied rehearing, without opinion. On January 13, 2012, the Supreme Court denied certiorari review, without opinion (1100892).

 4 It was not until the 2003 amendment, effective September 1, 2003, that subsection (a) of receiving stolen property in the third degree was amended to substitute $500.00 for $100.00. § 13A-8-19, Ala.Code 1975, Code of Commissioner’s History, Amendment notes.”